JOSEPH AMBROISE ET AL. *v.* WILLIAM RAVEIS REAL
ESTATE, INC., ET AL.
(14694)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued June 8—decision released August 3, 1993

*Charles S. Harris,* with whom was *Arthur B. Harris,* for the appellants (plaintiffs).

*Melvin J. Silverman,* for the appellees (named defendant et al.).

*Catherine P. Whelan,* for the appellees (defendant Stephen Melillo et al.).

PETERS, C. J. The dispositive issue in this case is whether an appeal from the denial of a prejudgment remedy may be taken after the expiration of the seven day time period specified by General Statutes § 52-278*l*. The plaintiffs, Joseph Ambroise and Rosita Ambroise, made an application for a prejudgment remedy seeking an order, after a hearing, for the attachment of personal and real property owned by the defendants, William Raveis Real Estate, Inc., James Ero, Stephen Melillo and Marlene B. Melillo. The underlying cause of action claimed a right to damages arising out of the defendants' alleged misrepresentations in connection with the plaintiffs' purchase of residential real property. After hearing the arguments of counsel, but without making a finding with regard to probable cause, the trial court denied the plaintiffs' application. The trial court concluded that the prejudgment remedy statutes; General Statutes § 52-278a et seq.; facially violate the requirements of due process under the Connecti-

cut and the United States constitutions because the statutes do not require an applicant to post a bond before obtaining a prejudgment remedy. The plaintiffs appealed to this court pursuant to General Statutes § 51-199 (b) (2). We dismiss their appeal.

The procedural facts of the plaintiffs' appeal are undisputed. The parties received notice of the trial court's decision on January 26, 1993. The plaintiffs filed their appeal on February 16, 1993. The defendants Stephen Melillo and Marlene Melillo filed a timely motion to dismiss the plaintiffs' appeal, which we denied without prejudice to its reconsideration at the time of full argument. The statute governing the timeliness of the plaintiffs' appeal is § 52-278*l*.[1] Subsection (a) of the statute provides that an order "denying a prejudgment remedy following a hearing under section 52-278d . . . shall be deemed a final judgment for purposes of appeal." Subsection (b) provides that "[n]o such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken." Because the jurisdiction of this court is

---

[1] General Statutes § 52-278*l* provides: "APPEAL. (a) An order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g shall be deemed a final judgment for purposes of appeal.

"(b) No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken.

"(c) No such order shall be stayed by the taking of an appeal except upon the order of the judge who made such order, and any such stay shall be granted only if the party taking the appeal posts a bond, with surety, in a sum determined by such judge to be sufficient to indemnify the adverse party for any damages which may accrue as a result of such stay.

"(d) If a motion to discharge such prejudgment remedy is brought by the defendant, the property affected by such remedy may be restored to the use of the defendant, if the defendant posts a bond with surety in an amount determined by such judge to be sufficient to indemnify the plaintiff for any damages which may accrue by the defendant's continued use of such property, until such time as such motion is decided."

defined by statute; *Grieco* v. *Zoning Commission,* 226 Conn. 230, 231, 627 A.2d 432 (1993); *State* v. *Ayala,* 222 Conn. 331, 338–41, 610 A.2d 1162 (1992); *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983); noncompliance with § 52-278*l* raises a challenge to this court's subject matter jurisdiction. See *Plasil* v. *Tableman,* 223 Conn. 68, 72–73 n.8, 612 A.2d 763 (1992); *City National Bank* v. *Davis,* 181 Conn. 42, 45–46, 434 A.2d 310 (1980); cf. *Iovieno* v. *Commissioner of Correction,* 222 Conn. 254, 258–61, 608 A.2d 1174 (1992).

In the face of their noncompliance with the seven day time limit of § 52-278*l*,[2] the plaintiffs proffer two arguments that their appeal is nonetheless timely. They contend, on the one hand, that their appeal is not governed by § 52-278*l*, and, on the other hand, that the defendants have waived any noncompliance by not pursuing the timeliness issue further in the briefs filed subsequent to our denial, without prejudice, of their motion to dismiss. Neither contention is tenable.

I

The plaintiffs' principal contention is that their appeal is timely because it is governed by the twenty day period of Practice Book § 4009[3] rather than by the seven day period of § 52-278*l*. The linchpin of this argu-

---

[2] Unlike the litigants in *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980), the plaintiffs in this case did not file in the trial court a timely motion for extension of the time to take an appeal.

[3] Practice Book § 4009 provides in relevant part: "TIME TO APPEAL

"The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed. . . ."

ment is the claim that the denial of their prejudgment remedy did not fall within the terms of § 52-278*l* (a), which speaks of a denial "following a hearing." According to the plaintiffs, the hearing contemplated by § 52-278*l* (a) is an evidentiary hearing, not a hearing at which counsel merely present arguments of law.

Even assuming that the plaintiffs are correct in asserting that § 52-278*l* does not apply, the insurmountable difficulty with their argument is that it assumes the applicability of the twenty day period, as a default position, whenever § 52-278*l* is inapplicable. The Practice Book provision does not, however, confer jurisdiction upon the appellate courts of this state. See General Statutes § 51-14.[4] Appellate jurisdiction depends upon compliance with General Statutes § 52-263,[5] which

---

[4] General Statutes § 51-14 provides in relevant part: "RULES OF COURT. DISAPPROVAL OF BY GENERAL ASSEMBLY. HEARINGS. (a) The judges of the supreme court, the judges of the appellate court, and the judges of the superior court shall adopt and promulgate and may from time to time modify or repeal rules and forms regulating pleading, practice and procedure in judicial proceedings in courts in which they have the constitutional authority to make rules, for the purpose of simplifying proceedings in the courts and of promoting the speedy and efficient determination of litigation upon its merits. The rules of the appellate court shall be as consistent as feasible with the rules of the supreme court to promote uniformity in the procedure for the taking of appeals and may dispense, so far as justice to the parties will permit while affording a fair review, with the necessity of printing of records and briefs. *Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts. . . .*" (Emphasis added.)

[5] General Statutes § 52-263 provides: "APPEALS FROM SUPERIOR COURT. EXCEPTIONS. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

requires either an antecedent final judgment or a granting of a motion to set aside a verdict. In the context of prejudgment remedies, whatever the law might have been previously; see, e.g., *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 630, 356 A.2d 893 (1975); the applicable definition of an appealable final judgment on a prejudgment remedy application at the present time is that contained in § 52-278*l.*

In other words, if the plaintiffs are correct that the decision from which they seek to appeal does not fall within § 52-278*l* (a), that decision is an interlocutory ruling that is not separately appealable. See *City National Bank* v. *Davis,* supra, 45–46. On the other hand, if the plaintiffs are incorrect and the trial court did deny the plaintiffs a prejudgment remedy under § 52-278*l,* the seven day filing requirement applies, and their appeal is untimely.

II

The plaintiffs likewise cannot succeed on their alternate contention that the defendants have waived the untimeliness of the plaintiffs' appeal. The seven day statutory time period for taking an appeal pursuant to § 52-278*l* is subject matter jurisdictional, and thus was not waivable by the defendants. *Plasil* v. *Tableman,* supra, 72–73 n.8.

Our cases regarding appellate time limitations have generally followed one of three lines of analysis. The first line of cases holds that, because the twenty day time limitation on appeals imposed by Practice Book § 4009 is not subject matter jurisdictional, we have discretion to hear a late appeal. See, e.g., *Kelley* v. *Bonney,* 221 Conn. 549, 558–59, 606 A.2d 693 (1992); *Connelly* v. *Doe,* 213 Conn. 66, 69–70 n.4, 566 A.2d 426 (1989); but see *DeTeves* v. *DeTeves,* 202 Conn. 292, 520 A.2d 608 (1987) (Practice Book § 4040 limits power of trial court to one twenty day extension of time to

appeal). The rationale for this rule is that the twenty day period established by § 4009 is not a "constitutionally or legislatively created condition precedent to the jurisdiction of this court. The source of the authority for the adoption of the rule lies in the inherent right of constitutional courts to make rules governing their procedure." *LaReau* v. *Reinke,* 158 Conn. 486, 492, 264 A.2d 576 (1969). Such time constraints, which are created by the courts, can be waived by the courts.

The second line of cases holds that time limitations on the right to appeal that are contained in statutes, rather than in the provisions of the Practice Book, are subject matter jurisdictional. See, e.g., *Plasil* v. *Tableman,* supra, 72–75 (seven day time limit on appeal from prejudgment remedy order under § 52-278*l*); see also *Iovieno* v. *Commissioner of Correction,* supra (General Statutes § 52-470 limits discretion of habeas corpus court to consider petitions for certification to appeal filed within ten days of decision only). The rationale for this line of cases is that our appellate subject matter jurisdiction is created by statute, and we have no power to enlarge or circumscribe it. See, e.g., *Grieco* v. *Zoning Commission,* supra.

The third line of cases holds, contrary to cases in the second line of cases, that some statutory time limitations on the right to appeal are discretionary, rather than jurisdictional. See, e.g., *Cardoza* v. *Zoning Commission,* 211 Conn. 78, 81 n.4, 557 A.2d 545 (1989) (seven day time limitation on appeal to Appellate Court from trial court ruling on motion to dismiss zoning appeal; time period not jurisdictional);[6] *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772

---

[6] We note that this particular time limitation is no longer applicable. A trial court ruling on a motion to dismiss a zoning appeal is now reviewable, not by way of an appeal, but by a petition for certification for review addressed to the Appellate Court, pursuant to the rules of practice governing such petitions. See General Statutes § 8-8 (j) and (o).

(1980) (seven day time limitation for appeal from prejudgment remedy action under § 52-278*l*; time period not jurisdictional);[7] see also *State* v. *Ayala,* 222 Conn. 331, 342, 610 A.2d 1162 (1992) (Chief Justice has discretion to waive noncompliance with two week requirement for appeal under General Statutes § 52-265a; time period not jurisdictional). We have not, however, articulated what principle differentiates these cases from those in the second line of cases.

On further reflection, we now conclude that the proper analysis of a statutory time limitation on the right to appeal devolves into a question of statutory construction: did the legislature, in imposing the time limitation, intend to impose a subject matter jurisdictional requirement on the right to appeal? "We approach this question according to well established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986); *Hayes* v. *Smith,* 194 Conn. 52, 57, 480 A.2d 425 (1984). In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. *Dart & Bogue Co.* v. *Slosberg,* 202 Conn. 566, 572, 522 A.2d 763 (1987) . . . . *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 589, 522 A.2d 771 (1987).

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to

---

[7] *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980), cannot be squared with *Plasil* v. *Tableman,* 223 Conn. 68, 612 A.2d 763 (1992). We, therefore, overrule *Giordano Construction Co.* to the extent that it holds that the time limitation for appeal contained in General Statutes § 52-278*l* does not implicate subject matter jurisdiction.

which the proceedings in question belong. *LeConche* v. *Elligers,* 215 Conn. 701, 709, 579 A.2d 1 (1990), quoting *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981)." (Internal quotation marks omitted.) *Lauer* v. *Zoning Commission,* 220 Conn. 455, 459–60, 600 A.2d 310 (1991). "The issue presented, therefore, is whether the legislature intended to make [§ 52-278*l* (b)] notice an additional requirement for [appellate] subject matter jurisdiction." Id., 460. Furthermore, taking into account "the established principle that every presumption is to be indulged in favor of jurisdiction"; (internal quotation marks omitted) id.; *Tolly* v. *Department of Human Resources,* 225 Conn. 13, 29, 621 A.2d 719 (1993); we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar.

In our view, contrary to the normal presumption in favor of subject matter jurisdiction, the legislature, in imposing the time limitation contained in § 52-278*l* (b), manifested its intent to make this time constraint mandatory and not waivable. Our conclusion finds support in the language, the historical background and the purpose of the statute.

The language of § 52-278*l* (b) is clear and emphatic: "No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken." That language means what it says. Cf. General Statutes § 52-265a (a).[8] The literal reading of

---

[8] General Statutes § 52-265a (a) provides: "Notwithstanding the provisions of sections 52-264 and 52-265, any party to an action who is aggrieved by an order or decision of the superior court in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice, may appeal under this section from the order or decision to the supreme court within two weeks from the date of the issuance of the order or decision. The appeal shall state the question of law on which it is based."

§ 52-278*l* (b) is buttressed, moreover, by reference to § 52-278*l* (c),[9] which reverses the ordinary rules regarding automatic stays on appeal by mandating that the order is not stayed by an appeal unless the party appealing posts a sufficient surety bond.

It is significant, furthermore, that § 52-278*l* contains a statutory time period for taking an appeal with regard to a statutory remedy that has no common law counterpart. The right to a prejudgment remedy of attachment is purely statutory. *Farmers & Mechanics Savings Bank* v. *Garofalo,* 219 Conn. 810, 813, 595 A.2d 341 (1991); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 582–83, 376 A.2d 60 (1977); *Carter* v. *Carter,* 147 Conn. 238, 242, 159 A.2d 173 (1960); *Munger* v. *Doolan,* 75 Conn. 656, 659, 55 A. 169 (1903).[10] "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the

---

[9] General Statutes § 52-278*l* (c) provides: "No such order shall be stayed by the taking of an appeal except upon the order of the judge who made such order, and any such stay shall be granted only if the party taking the appeal posts a bond, with surety, in a sum determined by such judge to be sufficient to indemnify the adverse party for any damages which may accrue as a result of such stay."

[10] "The original purpose of an attachment was not to secure the satisfaction of a judgment in favor of the plaintiff, should one be obtained, but to secure the appearance of the defendant. *Barber* v. *Morgan,* 84 Conn. 618, 622, 80 Atl. 791 [1911]." *Coit* v. *Sistare,* 85 Conn. 573, 577, 84 A. 119 (1912). *Coit* explains why, despite the common law antecedents of an attachment, we have consistently held the statutory right to obtain an attachment of property to provide an exclusive remedy. "Being in derogation of both common right and common law, it is one to be strictly interpreted and pursued." *Munger* v. *Doolan,* 75 Conn. 656, 659, 55 A. 169 (1903).

court] at any time, even by the court sua sponte, and may not be waived." (Citations omitted.) *Ecker* v. *West Hartford,* 205 Conn. 219, 232, 530 A.2d 1056 (1987) (wrongful death action); *Vecchio* v. *Sewer Authority,* 176 Conn. 497, 504–505, 408 A.2d 254 (1979) (appeal from sewer assessment); *Hillier* v. *East Hartford,* 167 Conn. 100, 104–105, 355 A.2d 1 (1974) (tort action against municipalities pursuant to General Statutes § 13a-149); *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 546–47, 325 A.2d 259 (1973) (enforcement of mechanic's lien). It is reasonable to infer, therefore, that the legislature intended the limitation on the right to appeal contained in § 52-278*l* to operate similarly to these statutory time limitations on the right to initiate a statutory action.

Finally, the manifest purpose of § 52-278*l* (b) is to permit the parties to know within a very brief period of time whether the order is final or is going to be challenged on appeal. That purpose is particularly significant in a case, such as this, in which the trial court denies the application for prejudgment remedy. The seven day time period creates a narrow window of opportunity for appeal, after which the property owner, without regard to a possible attachment, can justifiably rely on the state of his property's title to encumber it or to transfer it to a third person. A holding that the time period is discretionary and therefore can be waived would undermine that legislative purpose.

We therefore adhere to our holding in *Plasil* v. *Tableman,* supra. The failure to take an appeal within the time constraints of § 52-278*l* results in an absence of subject matter jurisdiction that cannot be waived by the parties or by the court. *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988).

The appeal is dismissed.

In this opinion BORDEN and PALMER, Js., concurred.

BERDON, J., with whom KATZ, J., joins, dissenting. *All* parties in this appeal invite us to decide the merits of the important issue raised in this case—whether our prejudgment remedy statute is unconstitutional because the party in whose favor it is granted is not required to post a bond or give other security. Although this issue has previously eluded us; *Calfee* v. *Usman,* 224 Conn. 29, 40, 616 A.2d 250 (1992); it has been raised in another case decided today.[1] Accordingly, I write separately not on the merits of the bond issue, but to express my concerns about the majority's expansive definition of subject matter jurisdiction.

The majority dismisses the appeal because it was not taken within the time period specified by General Statutes § 52-278*l*, believing that the failure to comply with the time limit implicates our subject matter jurisdiction. Although I agree with the general principle that subject matter jurisdiction cannot be waived; *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988); I disagree with the result in this case because the failure to abide by the time limitation in a statute does *not* involve subject matter jurisdiction.

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) *Lauer* v. *Zoning Commission,* 220 Conn. 455, 460, 600 A.2d 310 (1991). Surely, we have jurisdiction to hear an appeal from the denial of a prejudgment remedy. General Statutes § 52-278*l*. Of course, the appeal must be timely taken, but that involves only personal jurisdiction and therefore may be waived by the parties. See, e.g., *Cardoza* v. *Zoning Commission,* 211 Conn. 78, 81 n.4, 557 A.2d 545 (1989) (failure to appeal trial court's order on motion to dismiss within seven days; General Statutes § 8-8 [d]; does

---

[1] *Sassone* v. *Lepore,* 226 Conn. 773, 629 A.2d 357 (1993).

not implicate subject matter jurisdiction and can be waived); see also C. Tait, Connecticut Appellate Practice and Procedure (1989) § 3.13.

Just last year we made it clear that time limitations implicate personal jurisdiction. *In re Baby Girl B.,* 224 Conn. 263, 288, 618 A.2d 1 (1992) (implicit waiver of the time limitation on a motion to open a judgment under General Statutes § 52-212a). Indeed, in *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980), which is overruled by the majority today, we specifically held that the time limitation in § 52-278*l* did *not* involve subject matter jurisdiction. "The fact that the appeal statute specifies a time period in which to take an appeal does not mean that an appeal taken beyond the specified time is void. The untimely filing of an appeal is merely an irregularity and not a jurisdictional defect."[2] Id.

The majority, conceding that this court's prior rulings have been inconsistent, now adopts a new rule. Under this new rule, we must focus on whether the legislature, in imposing the time limitation, intended to impose a subject matter jurisdictional requirement on the right to appeal. If the plain language of § 52-278*l* specifically provided that this court does not have jurisdiction to hear such matters unless the time limitations are met, I would agree. To arrive at such a result by way of statutory construction, however, will lead to the same bizarre results that we have experienced in the past. For example, the majority states that § 52-278*l* clearly and emphatically mandates that time limitations must be honored before we may exercise our jurisdiction. This construction is inconsistent with *LeConche*

---

[2] The statement in *Plasil* v. *Tableman,* 223 Conn. 68, 72–73 n.8, 612 A.2d 763 (1992), that the time limitation in General Statutes § 52-278*l* implicated subject matter jurisdiction was mere dicta and was made in reference to an order that was not before the court. The court predicated its decision on another order which was timely taken.

v. *Elligers,* 215 Conn. 701, 709, 579 A.2d 1 (1990), in which we held that the failure to file a good faith certificate in a medical malpractice case did not implicate subject matter jurisdiction, notwithstanding the statute's unequivocal mandate that "[n]o action . . . shall be filed" without it. General Statutes (Rev. to 1987) § 52-190a. It seems to me that if a direct prohibition from entertaining a law suit does not implicate subject matter jurisdiction, a mere time limitation should not implicate subject matter jurisdiction.

The majority also argues that it is significant that the right to a prejudgment remedy of attachment does not have common law roots. The majority contends that because the time limitation is contained within a statute that creates a right of action that did not exist at common law, the remedy exists only during the prescribed period and not thereafter. The present prejudgment remedy statute is derived from the statutory attachment procedure. The antecedent to the statutory attachment procedure, in Connecticut, was the common law. *Barber* v. *Morgan,* 84 Conn. 618, 622, 80 A. 791 (1911). "The purpose of attachment in each case was to compel the defendant to appear and to answer to the action; and, as is apparent from the statutes, attachment on original process was designed chiefly to reach nonresidents and absconders. . . . *This was its purpose at common law, of which our process by attachment is an offspring.* 'At common law an attachment, as part of the service of process in a civil suit, is a species of distress, in which the effects attached were the ancient vadii or pledges.' . . . 'The writ of attachment was a very ancient judicial process designed to coerce an appearance on pain of eventual outlawry.' " (Citations omitted; emphasis added.) Id. Accordingly, even under the rule crafted by the majority, the time limitations do not implicate subject matter jurisdiction.

In addition, the majority advances no policy reason for distinguishing between statutory time limitations grounded in actions whose antecedents have roots in the common law and time limitations contained within the statute that created the right. Indeed, this decision is contrary to "the well-established principle that every presumption favoring jurisdiction should be indulged." *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 421 n.3, 426 A.2d 1324 (1980). "There is certainly nothing inherently unconstitutional or jurisdictional in time constraints. We ourselves have refused to hold jurisdictional the provision in Practice Book § 3007 [now § 4009] that imposes a twenty day limitation on appeals to this court." *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 299, 441 A.2d 183 (1982) (*Peters, J.,* concurring).

In the present case, the majority states that the "manifest purpose of § 52-278*l* (b) is to permit the parties to know within a very brief period of time whether the order is final or is going to be challenged on appeal." Surely, a litigant has the right to rely on such a time limitation and the matter can be dismissed on the ground that the court does not have *personal* jurisdiction. Nevertheless, if the parties wish to waive the time limitation they may do so. *In re Baby Girl B.,* supra, 288. Why should the court be concerned if the parties wish to waive the time limitation?

Time limitations are always procedural and exist to protect the parties, unless the legislature specifically states that the court has no jurisdiction if the time limitation is not honored. I cannot recall an example of such a statute. The present case is especially compelling because the defendant in open court waived the time limitations in which an appeal must be filed.

In *Baldwin Piano & Organ Co.* v. *Blake,* supra, Chief Justice Peters opined that the time limitation in Gen-

eral Statutes § 52-278j,[3] also a part of the prejudgment remedy statutory scheme, was not jurisdictional: "I am troubled by the apparent readiness of the majority opinion to grant procedural priority to any challenge to judicial action as long as that challenge is couched in terms of jurisdiction. I recognize that the position taken by the majority has strong roots in history and in our case law. I doubt, however, that the interests of efficient administration of justice are best served by attaching talismanic effect to the label 'jurisdictional,' especially when the issue is at most one of jurisdiction over the person." Id., 298 (*Peters, J.,* concurring).

Furthermore, a lack of subject matter jurisdiction can have very serious consequences even after the litigation terminates. A judgment rendered without subject matter jurisdiction is invalid. *Trichilo* v. *Trichilo,* 190 Conn. 774, 777–78, 462 A.2d 1048 (1983). In the wake of this opinion, every time one party waives a time limitation, the other party will be in the uncertain position of trying to determine whether it can rely on the waiver because no one can fully predict what this court will ultimately hold.

Today, the court's casting of procedural defaults into defaults that implicate our subject matter jurisdiction

[3] General Statutes § 52-278j provides: "(a) If an application for a prejudgment remedy is granted but the plaintiff, within thirty days thereof, does not serve and return to court the writ, summons and complaint for which the prejudgment remedy was allowed, the court shall dismiss the prejudgment remedy.

"(b) If an application for a prejudgment remedy is denied and the plaintiff, within thirty days thereof, does not serve and return to court the writ of summons and complaint for which the prejudgment remedy was requested, or if a date for a hearing upon a prejudgment remedy is scheduled by the clerk and such hearing is not commenced within thirty days thereof, except as provided in section 52-278e, the court shall order the application to be considered as having been withdrawn.

"(c) An application for a prejudgment remedy or a prejudgment remedy which is granted but not served may be withdrawn in the same manner as a civil cause of action."

results in "a mere exaltation of form over substance." *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 391, 538 A.2d 202 (1988) (*Shea, J.,* dissenting). "It is the courts, the legal profession and the public generally, not just the [parties], who are the losers when serious cases like this one fail to be resolved on their merits because of some procedural deficiency." *Hughes* v. *Bemer,* 200 Conn. 400, 405, 510 A.2d 992 (1986) (*Shea, J.,* dissenting).

Since the defendants at oral argument waived the time requirements in § 52-278*l*, I would get to the merits of the case.

Accordingly, I respectfully dissent.