[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, John Celon, allegedly was injured during the course of his employment on September 17, 1993. He gave both his employer and the workers' compensation commissioner notice of his claim for benefits on September 24, 1993. On October 7, 1993, Wausau Underwriters Insurance Company [Wausau] issued a disclaimer of liability. No determination of whether Celon is entitled to benefits appears to have been made by the commissioner although an informal hearing was held on December 7, 1993.
Celon has brought the present action against Wausau, alleging violations of the Connecticut Unfair Trade Practices Act [CUTPA], General Statutes § 42-110, and the Connecticut Unfair Insurance Practices Act [CUIPA], General Statutes § 38-61, based on Wausau's failure to promptly accept his workers compensation claim.
Wausau filed a motion to dismiss, dated April 12, 1994, based on lack of subject matter jurisdiction. Celon filed a memorandum in opposition to the motion to dismiss dated August 11, 1994. In addition, Celon filed a supplemental memorandum of law in opposition to the motion dated August 17, 1994. CT Page 9043
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). On a motion to dismiss, the court admits all well-pleaded facts and construes the complaint in the light most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). "[A] motion to dismiss is not designed to test the legal sufficiency of a . . . cause of action."Pratt v. Old Saybrook, 225 Conn. 177, 85, 621 A.2d 1322
(1993). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. (Internal quotation marks omitted.) Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757, 765, 628 A.2d 1303 (1993). Failure to exhaust an adequate administrative remedy implicates the court's subject matter jurisdiction.Concerned Citizens of Sterling v. Sterling, 204 Conn. 551,556, 529 A.2d 66 (1987).
In its memorandum in support of its motion to dismiss, Wausau argues that since the plaintiff has not received a decision on his claim from the Worker's Compensation Commission he has not yet exhausted his administrative remedies. Wausau also brought to the court's attention Overv. Health Care and Retirement Corp. of American, 9 CSCR 581
(June 6, 1994, Pellegrino, J.), in which the court granted a motion to dismiss in an analogous situation based on failure to exhaust administrative remedies. In response, the plaintiff argues that the court has jurisdiction to hear the general class of cases to which his claim belongs. He also argues that the motion to dismiss really attacks the sufficiency of the complaint rather than the court's jurisdiction and cites several cases supporting that proposition. Finally, the plaintiff argues that the doctrine of failure to exhaust administrative remedies is not applicable since the commission has no power to hear and decide CUTPA and CUIPA claims.
It is a well-settled principle of administrative law that a party may not bring a matter to the Superior Court without first exhausting available administrative remedies."Griswold v. Union Labor Life Insurance, Co., 186 Conn. 507,518-19, 442 A.2d 920 (1982). Nevertheless, where the CT Page 9044 administrative hearing officer does not have authority to award the relief sought, such as damages or attorneys fees under CUTPA or CUIPA, there as no such requirement. Id., 519. In the present case, the plaintiff claims damages based on violations of CUTPA and CUIPA. The commissioner is not empowered to award relief pursuant to those statutes. General Statutes § 31-278. Therefore the exhaustion of the remedies principle does not deprive the court of jurisdiction.
Arguably, a workers compensation insurance carrier cannot be liable for violations of CUIPA and CUTPA based on its failure to settle a claim in the absence of a determination that the employee is entitled to payment of workers compensation benefits. Mora v. Aetna Life CasualtyInsurance Co., 13 Conn. App. 208, 211-12, 535 A.2d 390
(1988). In the present case, Wausau has contested its liability and the plaintiff has not alleged that he is entitled to benefits by virtue of an award by the commission. The plaintiff's failure to allege that he is entitled to benefits implicates the legal sufficiency of his cause of action and does not implicate the court's subject matter jurisdiction since, pursuant to statute, the court has jurisdiction to hear CUTPA and CUIPA claims.
LAWRENCE L. HAUSER, JUDGE