[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 1, 1994 the Plaintiff, West Haven Nursing Home brought an action against the Defendant by writ summons and CT Page 9342 unsigned complaint seeking a prejudgment remedy [Docket Number CV-94-0359171]. After duly being heard the court denied the PJR. At this hearing a nursing home administrator testified that the Defendant had signed the admission agreement for a private pay patient, and that during the time she became eligible for Title 19 coverage she incurred a bill amounting to $54,000. The Plaintiff did not offer the signed admission agreement. The administrator further testified that on August 19, 1992 the Defendant signed a document which the Plaintiff offered into evidence. The Defendant objected to the offer on the grounds of the Best Evidence Rule. The Plaintiff did not qualify the copy and the court sustained the objection. The Plaintiff offered no further evidence. The Defendant also rested. The Defendant argued that the Plaintiff had not established probable cause to obtain an attachment for $60,000 particularly because (1) the Statute of Frauds required a signed document to pay the debt of another. The Court denied the application for the PJR on May 9, 1994. The Plaintiff did not serve or file a signed writ summons and signed complaint to proceed on the action. The Plaintiff did not appeal from the court's decision of May 9, 1994. Instead, the Plaintiff brings this second action dated June 29, 1994 seeking again the PJR previously denied attaching thereto an identical supporting affidavit. The instant PJR application is an identical action to the one previously ruled upon.
The Defendants argue that the doctrine of res judicata and collateral estoppel preclude the Nursing Center from attempting to establish probable cause at a second prejudgment hearing where the court failed to find probable cause at the first prejudgment hearing.
"The right to a prejudgment remedy of attachment is purely statutory." (Citations omitted.) Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757, 766, 628 A.2d 1303 (1993); see General Statutes §§ 52-278a through 52-278n; see also Public Acts 1993, No. 93-431 (amending certain provisions of the Prejudgment Remedies Act). In general, a prejudgment remedy can be issued only by the court after a hearing, at which the Defendant has a right to appear and be heard. See General Statutes § 52-278d. At the hearing, the court determines whether or not probable cause exists to sustain the validity of the Plaintiff's claim. See General Statutes § 52-278d. The court's order granting or denying a prejudgment remedy following a hearing is a final judgment for purposes of appeal. General Statutes § 52-2781. CT Page 9343
"[T]he terms res judicata and collateral estoppel refer to the concepts of claim preclusion or issue preclusion respectively."Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374
(1993). "`[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.'" (Citations omitted.) Id., 713.
Although, "the granting or denial of a prejudgment remedy is, pursuant to § 52-2781 C.G.S., a final judgment for purposes of appeal, the proceeding itself . . . [is] interlocutory and, unlike a judgment, . . . does not result in a final determination as to the merits. . . ." Dinnis v. Roberts, 5 Conn. L. Rptr. 467, 468 (January 15, 1992, Hodgson, J.). Nevertheless, "[t]he Connecticut Supreme Court has ruled . . . that [res judicata and collateral estoppel] . . . operate to bar relitigation of issues which a litigant has already litigated or had an opportunity to litigate in a prior proceeding, and that such preclusion is not limited to situations producing a judgment." Id., 468, citing State v. Ellis, 197 Conn. 436,464-65, 497 A.2d 974 (1985). "[R]es judicata and issue preclusion have the underlying purpose of promoting finality and avoiding expenses to the opponents and waste of judicial resources from relitigation of issues as to which a party has already been afforded a full opportunity to be heard." Dinnis v. Roberts, supra 468.
Accordingly, the application for the PJR in this case is denied.
Frank S. Meadow State Trial Referee