[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #108
The defendant moves to dismiss the complaint pursuant to § 143 of the Practice Book on the ground this court lack subject matter jurisdiction. The defendant claims the plaintiff has failed to meet the requirements of General Statutes § 52-592 (a), which permits a new action where there has been an accidental failure of suit, and argues that this deficiency is a jurisdictional defect. Because this court concludes that a jurisdictional issue has not been raised, the motion to dismiss is denied.
The plaintiff alleges he was injured when an employee of the defendant had "unauthorized, unprofessional and improper contact . . ." with him. The plaintiff does not allege the date of the incident. He does allege "[t]his claim is raised pursuant to Connecticut General Statutes § 52-592." CT Page 1414-XX
Section 52-592 (a) of the General Statutes provides that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been dismissed for [procedure problems] . . . the plaintiff may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." "This statute, by its plain language, is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court due to the various enumerated procedural problems."Legassey v. Shulansky, 28 Conn. App. 653, 659, 611 A.2d 930 (1992).
Generally, a motion to dismiss is not the proper procedural vehicle for raising the statute of limitations because such a defense does not create a jurisdictional bar. See McCutcheon Burr Inc. v. Berman, 218 Conn. 512, 527 n. 16, 590 A.2d 438 (1991). Nevertheless, "[w]here a specific time limitation is contained within a statute that creates a right of action that did not exist at common law . . .," the time limitation is a substantive and procedural prerequisite, which may be raised on a motion to dismiss. Ambroise v. William Raveis Real Estate, Inc., 226 Conn. 757,766, 628 A.2d 1303 (1993).
The defendant argues that § 52-592 creates a cause of action and that the time limitation contained therein is therefore a jurisdictional prerequisite. The statute, however, does not create a cause of action. Instead, it extends the statute of limitations for causes of action which have not been tried on the merits due to various mishaps. Since the statute merely extends a statute of limitations, the time limitation contained in § 52-592 is not jurisdictional prerequisite. If the defendant wants to raise the statute of limitations as a bar to the plaintiff's claim, it should do so by way of an answer and special defense.
The motion to dismiss is denied.
THIM, JUDGE
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
THIM, JUDGE.
The defendant moves to strike the plaintiff's complaint on the ground the plaintiff has failed to state a claim on which relief can be granted. In its brief, the defendant argues that the CT Page 1414-YY plaintiff's claim was dismissed in a prior action, that the rules of res judicata apply, and that the plaintiff therefore can not bring suit pursuant to General Statutes § 52-592, which allows a person to bring a new suit when the first suit was not tried on the merits due to unavoidable accident. The motion is denied.
The defendant's reliance on a decision in another case requires this court to consider facts outside the pleadings. One of the "purpose[s] of a motion to strike is to contest . . . the legal sufficiency of the allegations on any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 214, 15, 618 A.2d 75 (1992). "In ruling on the motion to strike, the court is limited to the facts alleged in the complaint." Id. The court "can not be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). Because the defendant's motion to strike relies on facts outside the pleadings, it must be denied.
The motion to strike is denied.
THIM, JUDGE