[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, the Town of Brooklyn and Paul Kisby, the Brooklyn fire marshall, move to dismiss this action based on the statute of limitations and failure to comply with the notice requirement of G.S. § 7-465.
 I
The defendants claim that this action was commenced beyond the applicable statute of limitations, G.S. § 52-584 and as to the town, § 7-465. This suit began on May 27, 1998. The amended complaint alleges that the purported negligent conduct of Kisby occurred on May 28, 1996, but remained undiscovered by the plaintiff's insured until March 17, 1997. The plaintiff is an insurance company providing homeowner's coverage for property allegedly damaged by Kisby's negligence, and the plaintiff claims to have paid its insured $48,890.19 because of such damage.
Section 52-584 provides that an action based on negligence "shall be brought within two years from when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered". Because the plaintiff alleges that the damage was first discovered on March 17, 1997, the homeowner's, and, consequently, the plaintiff's cause of action accrued on that date, little over fourteen months before the suit began.
Therefore, the defendants' motion to dismiss fails on this ground. Clearly the action against Kisby was commenced within the two years allowed by § 52-584. Likewise, § 7-465 allows two years to bring such an action against the town for indemnification and, therefore, the action was timely with respect to Brooklyn's liability for Kisby's negligence.
 II CT Page 11404
The municipality also contends that the six month notice requirement of § 7-465, the municipal indemnification statute, was violated. The court agrees.
Section 7-465 provides that "[n]o action for . . . damages to real . . . property shall be maintained against such municipality . . . unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk
of such municipality within six months after such cause of action has occurred". (Emphasis added.)
As noted above, regarding the plaintiff's allegations as true, the cause of action accrued on March 17, 1997. The plaintiff's insured did, indeed, properly notify the Brooklyn town clerk within the prescribed period of their intention to commence suit against the town under § 7-465. The homeowners have their own suit pending against these defendants, Windham J.D., CV98 0058440. The plaintiff in this suit, however, failed to do so. Instead, the plaintiff sent notice to Attorney David Hubert, attorney for the town, on May 30, 1997.
Because a statutory notice requirement, such as is contained in § 7-465, creates a right of action which is in derogation of the common-law, it demands strict compliance. Simko v. ZoningBoard of Appeals, 206 Conn. 374, 377 (1988). In particular, where the statute creating this right of action contains a specific time or notice limitation that requirement is a jurisdictional prerequisite. Ambroise v. William Raveis Real Estate, Inc.,226 Conn. 757, 766 (1993). The failure by this plaintiff to notify the Brooklyn town clerk of its intention to commence a suit under § 7-465 against the town deprives this court of subject matter jurisdiction to hear that claim.
The motion to dismiss this action against the Town of Brooklyn is granted.
Sferrazza, J.