[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
The present matter comes to the court on a motion to dismiss filed by the defendant.
 FACTS
On March 16, 1998, the plaintiffs, Manuel Leandres and Gail Marie Leandres, filed a six-count complaint sounding in product liability against the defendant, Mazda Motor Corporation. The defendant is a Japanese corporation located in Hiroshima, Japan. This action involves injuries allegedly incurred by the plaintiff, Manuel Leandres, and derivatively by the plaintiff, Gail Leandres, upon deployment of the driver's side airbag in a 1995 Mazda Protege on December 18, 1994.
The defendant filed a motion to dismiss the plaintiffs' CT Page 368 complaint on the grounds of lack of subject matter jurisdiction and insufficiency of service of process.[1] As required by Practice Book § 143, now Practice Book (1998 Rev.) §10-31, the defendant has filed a memorandum in support of its motion to dismiss and the plaintiffs have timely filed a memorandum in opposition. The plaintiffs have attached five exhibits. In addition, the defendant has filed a reply memorandum.
 DISCUSSION
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985) The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. (Citation omitted.) Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
I.) Product Liability Statute of Limitations:
The defendant argues that the court lacks subject matter jurisdiction due to the statute of limitations. The defendant contends that the plaintiffs have failed to effectuate service within the three year statute of limitations set forth in General Statutes § 52-577a of the Product Liability Act. The defendant argues that a remedy exists only during the prescribed period because a specific time limitation is contained within the statute that creates a right of action that did not exist at common law.
The defense of the Statute of Limitations must be specially pleaded and cannot be raised by a motion to dismiss. Ross RealtyCorp. v. Surkis, 163 Conn. 388, 391, 311 A.2d 74 (1972); see also Practice Book § 164, now Practice Book (1998 Rev.) §10-50. Nevertheless, where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. (Internal quotation marks omitted.)Ambroise v. William Raveis Real Estate Inc., 226 Conn. 757, CT Page 369 766-67, 628 A.2d 1303 (1993). Under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived. Id.
General Statutes § 52-577a sets forth the statute of limitations for product liability actions. Section § 52-577a
provides, in pertinent part, that "[n]o product liability claim as defined in section 52-572m shall be brought but within threeyears from the date when the injury . . . is first sustained or discovered. . . ." (Emphasis added.) General Statutes §52-577a(a). Contrary to the defendant's contention, section52-577a does not create a right of action in the product liability context. That right of action is created by the common law or the product liability act [General Statutes §52-572n]. Thus, § 52-577a must be considered procedural.Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 525,562 A.2d 1100 (1989).
Accordingly, the defendant's motion to dismiss is procedurally improper and should be and is hereby DENIED.
II.) General Statutes § 52-593a:
The defendant argues that the plaintiffs may not avail themselves of the saving provision of General Statutes §52-593a.[2] Furthermore, the defendant argues that nothing in the provisions of the General Statutes or the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, alters the statute of limitations in the Products Liability Act. The defendant's arguments pertain to its statute of limitations defense and do not concern a claim for improper service of process. As discussed previously, the statute of limitations defense must be specially pleaded and cannot be raised by a motion to dismiss.
III.) General Statutes § 52-59d:
The parties disagree over whether General Statutes §52-59d should apply to extend the service of process date beyond that required by the statute of limitations. General Statutes § 52-59d(b) provides that, "[i]f service of process cannot be made under the applicable treaty or convention within sixty days, the Superior Court may, upon application, order service of CT Page 370 process upon such terms as the court deems reasonably calculated to give the defendant actual notice of the proceedings in sufficient time to enable the defendant to defend." The plaintiffs argue that the court should deny the defendant's motion because they served the defendant in a timely manner pursuant to § 52-59d. Conversely, the defendant contends that § 52-59d only applies to extend the service of process date and cannot be used to extend the statute of limitations required by the Product Liability Act. The defendant's motion is at issue here. Therefore, this court need not reach the plaintiff's arguments regarding the applicability of § 52-59d because it has already determined that the defendant's motion should be denied on the ground that it is procedurally improper.
MELVILLE, JUDGE