[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO DISMISS)
The apportionment defendant B.V. Unitron Mfg., Inc. has filed a Motion to Dismiss the Apportionment Complaint stating that the apportionment plaintiffs John Hay and Thomas Hay failed to file the Apportionment Complaint within 120 days of the original complaint which had a return date of August 4, 1998. ConnecticutGeneral Statutes § 52-102b is the exclusive means by which a defendant may add a person for the purposes of apportionment. That section provides in relevant part as follows:
 A defendant in any civil action to which Section 52-572h applies, may serve a Writ, Summons and Complaint upon a person not a party to the action who is or may be liable pursuant to section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of the liability. Any such Writ, Summons and Complaint, hereinafter called the Apportionment Complaint shall be served within 120 days of the return specified in the plaintiff's original complaint. Connecticut General Statutes § 52-102 (b)(a).
CT Page 14372
The statute further provides that "this section shall be the exclusive means by which a defendant may add a person who is or may be liable for apportionment." Connecticut General Statutes§ 52-102B(f).
This action arises from a boating accident occurring August 17, 1996. By way of a three count complaint dated July 8, 1998, with a return date of August 4, 1998, the plaintiff commenced an action against the Estate of Robert W. Bowers, John M. Hay and Thomas C. Hay. Each of the three counts purports to state claims sounding in negligence.
By way of an Apportionment Complaint dated February 10, 1999, John Hay and Thomas Hay seek an apportionment of liability against the apportionment defendant, B.V. Unitron Mfg., Inc. The sheriff's return establishes that the Apportionment Complaint was served on February 10, 1999, and filed with the Clerk's Office on February 19, 1999. The sole relief sought in said Apportionment Complaint is an apportionment of liability pursuant toConnecticut General Statutes § 52-572h and § 52-102b.
Connecticut trial courts have held that failure to comply with the 120 day limitation period for service of process as specified by Connecticut General Statutes § 52-102b, deprives the court of jurisdiction, and renders the Apportionment Complaint subject to dismissal. Bodell v. Schmidt, 1999 WL 68536 (Conn.Super., Skolnick, J.); Langella v. G-W2 of Stamford, Inc.,
1999 WL 61406 (Conn.Super., D'Andrea, J.); Witkin v. Schettino,
Super. Court, J.D. Fairfield at Bridgeport, Docket No. CV95 0324804S (Ballen, J.) (4/1/96); Winisarski v. Hall, Superior Court, J.D. of Hartford-New Britain at Hartford, Docket No. CV96 0566277S, (Wagner, J. 12/19/97).
The apportionment plaintiffs concede that the original complaint specified a return date of August 4, 1998. One hundred and twenty days following this return date was December 2, 1998. The apportionment plaintiffs admit that the Apportionment Complaint was served well after the expiration of the 120 day limitation period prescribed by statute.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Gurilacci v. Mayer,218 Conn. 682, 687 (1985). "Where . . . a specific time limitation is contained within a statute that creates a right of action that CT Page 14373 did not exist at common law, then the remedy exists only during the prescribed period, and not thereafter." The time limitation stated in the statute is a substantive and jurisdictional prerequisite which may be raised by a motion to dismiss at any time and may not be waived. Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757 (1993)
While the court feels the failure by the apportionment plaintiffs to comply with the 120 day statutory time limitation period is dispositive of the Motion to Dismiss, it will address the apportionment plaintiffs' question regarding collateral estoppel in a brief manner.
The collateral estoppel argument fails, as the Apportionment Defendant has correctly stated that this Apportionment Defendant was not a party to the action when the previous Motion for Permission and the Objection, thereto, were ruled upon. Therefore, the issue has not previously been litigated between the subject parties. The doctrine of collateral estoppel and/or issue preclusion does not apply.
Accordingly, the Motion to Dismiss the Apportionment Complaint filed against B.V. Unitron, Mfg., Inc. is granted.
THE COURT
ARNOLD, J.