[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of the termination of the plaintiff's employment. The plaintiff, James Jaramillo, filed a two count complaint on February 20, 2001, alleging causes of action against the defendant, the New Haven Board of Education (board), for violating his right to due process under General Statutes § 10-151 and for breach of contract. The plaintiff alleges that on August 14, 2000, the defendant employed him CT Page 13468-cw as a teacher pursuant to a contract of employment for the school year from July 1, 2000, through June 30, 2001. The defendant terminated the plaintiff's employment on November 20, 2000. The plaintiff alleges that on November 22, 2000, he requested that the defendant provide him with the reason for his termination and requested a hearing thereon. The defendant did not comply with the plaintiff's requests. The plaintiff alleges that the defendant's termination of his employment without notice and a hearing constitutes a violation of § 10-151 and the provisions of his teaching contract.
The defendant filed a motion to dismiss on April 27, 2001, on the ground that the court lacks subject matter jurisdiction to adjudicate the plaintiff's claim because the plaintiff lacks standing to bring an action for a violation of § 10-151. The defendant contends that the plaintiff was employed for only eighty-four days, and therefore is a probationary employee and not a "teacher" pursuant to § 10-151
(a)(2). On May 17, 2001, the plaintiff filed an objection to the motion to dismiss. The plaintiff asserts that he has standing to bring his claims to this court because his teaching contract was for the duration of one school year, he was "employed" by the defendant for more than ninety days, and therefore, is a "teacher" under § 10-151 (a)(2).
"[T]he issue of standing implicates this court's subject matter jurisdiction." (Internal quotation marks omitted.) In Re Jonathan M.,255 Conn. 208, 217, 764 A.2d 739 (2001). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Citations omitted; internal quotation marks omitted.) Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757, 764-65, 628 A.2d 1303 (1993). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission, 211 Conn. 416, 425, 559 A.2d 1103 (1989). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). CT Page 13468-cx
In this case, the plaintiff does not contend that he has attained tenure. General Statutes § 10-151 (c) provides, in pertinent part,: "The contract of employment of a teacher who has not attained tenure may be terminated at any time for any of the reasons enumerated in subdivisions (1) to (6), inclusive, of subsection (d) of this section. . . . Upon the teacher's written request, a notice of . . . termination shall be supplemented within seven days after receipt of the request by a statement of the reason or reasons for such . . . termination. Such teacher, upon written request filed with the board of education within twenty days after the receipt of notice of termination . . . shall be entitled to a hearing. . . . Such hearing shall commence within fifteen days after receipt of such request unless the parties mutually agree to an extension not to exceed fifteen days." General Statutes § 10-151 (a)(2) provides: "The term `teacher' shall include each certified professional employee below the rank of superintendent employed by a boardof education for at least ninety days in a position requiring a certificate issued by the State Board of Education." (Emphasis added.)
No Connecticut cases were found interpreting the use of "employed" in General Statutes § 10-151 (a)(2). "Statutory construction is a question of law . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.)Cotto v. United Technologies Corp., 251 Conn. 1, 6, 738 A.2d 623 (1999).
"As with any issue of statutory interpretation, our initial guide is the language of the statute itself." (Internal quotation marks omitted.)Peabody N.E., Inc. v. Dept. of Transportation, 250 Conn. 105, 122,735 A.2d 782 (1999). "[I]f the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) MacDermid, Inc. v. Dept. of EnvironmentalProtection, 257 Conn. 128, 154, ___ A.2d ___ (2001). "[W]hen construing a statute, we do not interpret some clauses in a manner that nullifies others, but rather read the statute as a whole and so as to reconcile all parts as far as possible." (Internal quotation marks omitted.) Marroccov. Giardino, 255 Conn. 617, 636, 767 A.2d 720 (2001). "[I]n construing a statute, common sense must be used, and courts will assume that the CT Page 13468-cy legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) Southington v. Commercial Union Ins.Co., 254 Conn. 348, 366, 757 A.2d 549 (2000).
According to the plaintiff's allegations, he was hired by the defendant on August 14, 2000, for the period from July 1, 2000, to June 30, 2001. The plaintiff's contract with the defendant states: "[T]he Board of Education of the City of New Haven, Connecticut, hereby agrees to employ James Jaramillo . . . as a teacher in the public schools of said City for the school year beginning July 1, 2000 and ending June 30, 2001. . . ." The parties agree that they entered into the contract on August 14, 2000, and that the defendant terminated the plaintiff on November 20, 2000. The defendant claims that the plaintiff was employed for only eighty-four days before his employment was terminated, however, the defendant fails to provide any information as to how it reached this calculation. If the plaintiff's days of employment are calculated from July 1, 2000, to November 20, 2000, he was employed for 143 days. If the plaintiff's days of employment are calculated from August 14, 2000, to November 20, 2000, he was employed for ninety-nine days. Thus under either circumstance, the plaintiff was employed for at least ninety days and under the plain language of the statute, has standing to bring the present action under § 10-151 (c).
As to the plaintiff's cause of action for breach of contract, the defendant asserts that the contract is also subject to § 10-151 and because the plaintiff lacks standing under § 10-151, he also lacks standing to bring a claim under the teaching contract.
"A contract is to be construed as a whole and all relevant provisions will be considered together. . . . In giving meaning to the terms of a contract . . . a contract must be construed to effectuate the intent of the contracting parties. . . . The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . In interpreting contract items . . . the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception CT Page 13468-cz of the terms. . . ." (Citations omitted; internal quotation marks omitted.) HLO Land Ownership Associates Ltd. Partnership v. Hartford,248 Conn. 350, 356, 727 A.2d 1260 (1999). "Although ordinarily the question of contract interpretation being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted; internal quotation marks omitted.) Issler v. Issler, 250 Conn. 226, 235,737 A.2d 383 (1999).
The plaintiff's contract provides, in pertinent part: "The Board of Education of the City of New Haven, Connecticut, hereby agrees to employ James Jaramillo . . . as a teacher in the public schools of said City for the school year beginning July 1, 2000 and ending June 30, 2001 subjectto the conditions stated below. . . . If a teacher receives notice of nonrenewal or termination, the teacher shall, upon written request, be entitled to a statement setting forth the reasons for such nonrenewal or termination within seven days from the receipt of such request. The teacher who receives a notice of termination shall, upon written request filed with the Board within twenty (20) days after the receipt of such notice of termination, also be entitled to a hearing before the Board. . . . Such hearing shall commence within fifteen (15) days after the receipt of such request unless the parties mutually agree to an extension. . . . This contract is subject to the Statutes of the State ofConnecticut, the Charter of the City of New Haven, and the rules and regulations of the Board of Education." (Emphasis added.)
Although the contract does not define the term teacher, the defendant contends that pursuant to the last clause quoted above, the term should be defined as it is in § 10-151 (a)(2). The court has already determined that the plaintiff meets the definition of the statute. Therefore, the plaintiff also has standing to assert his claim that the defendant breached the contract by not complying with his request for notice and a hearing.
For the foregoing reasons, the court denies the defendant's motion to dismiss.
By the Court,
Howard F. Zoarski Judge Trial Referee CT Page 13468-da