[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS ANDAPPLICATION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE
The plaintiff, Ashok Gaddam, appeals from the decision of the defendant, Commissioner of the Department of Social Services [DSS], denying Gaddam's application for Medicaid benefits. The hearing officer's decision, dated July 9, 1993, and "Notice of Reconsideration, dated December 10, 1993, reveal the following facts which are undisputed for purposes of this motion. Gaddam is a citizen of India, residing in the United States on a student visa. While attending school, a routine medical exam showed a serious kidney disorder requiring Gaddam to be hospitalized from October 5, 1992 until November 28, 1992. On October 23, 1992, Gaddam applied for and received Title XIX benefits for his inpatient stay. Thereafter, DSS denied benefits for further kidney dialysis. At Gaddam's request, a fair hearing pursuant to General Statutes § 17-2a was held, resulting in an affirmation of the denial of continuing benefits. Notice of the denial was sent to Gaddam by certified mail, return receipt requested, on July 9, 1993. The hearing officer concluded that despite his need for dialysis, Gaddam was not eligible for benefits because his medical situation was not an emergency condition. A non-citizen, the hearing officer CT Page 8983 determined, is ineligible to receive Title XIX benefits unless an emergency condition exists. Yale-New Haven Hospital has been paying for Gaddam's daily dialysis treatments on a charity basis. If Gaddam does not receive dialysis treatments he will die in one or two weeks.
On August 6, 1993, DSS granted Gaddam's request for a reconsideration hearing of the hearing officer's decision of July 9, 1993, pursuant to General Statutes § 4-181a(a). The reconsideration hearing was held on September 27, 1993. The hearing officer, in a Notice of Reconsideration, dated December 10, 1993, reaffirmed his prior decision. A copy of the Notice of Reconsideration was sent to the plaintiff by certified mail, return receipt requested, on December 10, 1993. Gaddam filed his appeal with the clerk of the superior court for the judicial district of New Haven on January 18, 1994, pursuant to General Statutes §§ 17-2b and 4-183.
On March 24, 1994, the Commissioner filed a motion to dismiss Gaddam's appeal pursuant to Practice Book § 143, accompanied by a memorandum in support of the motion, claiming that the court lacks subject matter jurisdiction to hear Gaddam's appeal because Gaddam is not aggrieved. The Commissioner filed the return of record on March 30, 1994. On April 12, 1994, Gaddam filed a memorandum in opposition to the Commissioner's motion to dismiss. The Commissioner filed an answer to Gaddam's appeal on April 14, 1994.
The Commissioner also filed an application for leave to present additional evidence on April 22, 1994. The Commissioner seeks to submit a one page internal memorandum from the U.S. Department of Health and Human Services regarding the definition of "emergency medical condition" into the record without a remand to DSS. According to the Commissioner, she did not submit the document into the record at either of the two administrative hearings because it was unavailable. On May 4, 1994, Gaddam filed a separate memorandum in opposition to the Commissioner's application for leave to present additional evidence.
Both parties have also filed supplemental briefs in support of their positions with regard to the Commissioner's motion to dismiss and application for leave to present additional evidence.
"`[T]he motion to dismiss is the proper vehicle for claimingany lack of jurisdiction in the trial court.'" (Citations omitted; emphasis in original.) Upson v. State, 190 Conn. 622, 624-25 n. 4 CT Page 8984 (1983). Moreover, "[t]he motion to dismiss . . . `admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.'" (Citations omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988). "`In determining whether [to grant a motion to dismiss], the inquiry usually does not extend to the merits of the case. . . ." (Citations omitted.) Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 16 (1990). Furthermore, the court construes the complaint most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
In particular, "`[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . .'"Amore v. Frankel, 228 Conn. 358, 362 n. 3 (1994), quoting Practice Book § 143. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" (Citations omitted.) Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 765 (1993). "`[E]very presumption is to be indulged in favor of jurisdiction.'" Id.
Moreover, if the plaintiff in an administrative appeal is not aggrieved, the court must dismiss the appeal for lack of subject matter jurisdiction. New England Rehabilitation Hospital, Inc. v.CHHC, 226 Conn. 105, 121 (1993). The purpose of aggrievement is to assure that only those parties with a real and legitimate interest have a right to appeal to the courts. Munhall v. Inland WetlandsCommission, 221 Conn. 46, 54-55 (1992). It is the trial court's function to determine whether the plaintiff's allegations, if proved, establish that the plaintiff is aggrieved as a matter of law. New England Rehabilitation Hospital Inc. v. CHHC, supra, 122.
Accordingly, the trial court should apply the following two-part test to determine whether Gaddam is aggrieved as a matter of law.
 "[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." CT Page 8985
(Citations omitted.) Id., 121. The second part of the test "requires only a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected." Id., n. 12.
The Commissioner concedes that "the plaintiff may have a personal and legal interest in the Hearing Officer's decision." (Defendant's memorandum of law in support of motion to dismiss, p. 5.) The Commissioner argues, however, that "the plaintiff cannot demonstrate, either factually or legally, that his interests have been injuriously affected by the Hearing Officer's decision." (Defendant's memorandum, p. 5.) The Commissioner refers to several documents in the record indicating that "the plaintiff is being and will continue to be treated by Yale-New Haven Hospital, regardless of whether there is any payment by or on behalf of the plaintiff by the Department." (Defendant's memorandum, p. 5.)
The defendant's reliance upon the hospital's current generosity avoids the issue; such charity can be discontinued at will. Has Gaddam's legal interest in receiving Title XIX funds been specially and injuriously affected by the hearing officer's denial of benefits, regardless of the hospital's position? This court finds it difficult to conclude that Gaddam's unavoidable death, absent treatment, does not satisfy the required standard. Moreover, numerous superior court cases have found that the denial of Medicaid benefits constitutes aggrievement. See, e.g.,Delfavero v. Rowe, 10 Conn. L. Rptr. 613 (December 23, 1993, Flynn, J.) (finding that the conservatrix of the deceased applicant who was denied Medicaid benefits was aggrieved); Verde v. StateDepartment of Income Maintenance, 6 CSCR 1082, 1083-84 (October 28, 1991, Axelrod, J.) (finding that a person who has been denied Medicaid benefits is an aggrieved person); Nelson v. Commissionerof the Department of Income Maintenance, 3 Conn. L. Rptr. 518, 519 (April 19, 1991, Vertefeuille, J.) (finding aggrievement where the plaintiff was denied Medicaid benefits to purchase medically necessary equipment).
Accordingly, the court finds that Gaddam is aggrieved; the defendant's motion to dismiss is denied.
Regarding the defendant's second motion, the Commissioner, pursuant to General Statutes § 4-183(h), is applying to the court for leave to present additional evidence directly into the record without a remand to DSS. The Commissioner claims in her application that because she has met the requirements of § 4-183(h), CT Page 8986 the court should grant her request.
According to General Statutes § 4-183 (h),
 [i]f, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
General Statutes § 4-183(i) states in part that "[t]he appeal shall . . . be confined to the record. If alleged irregularities in procedure before the agency are not shown in the record or if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken in the court."
"`An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence.'" (Citation omitted.) Levinson v. Board of Chiropractic Examiners,211 Conn. 508, 530 (1989). "`The question whether additional testimony should be taken calls for an exercise of the court's legal discretion.'" (Citations omitted.) Ierardi v. Commission onHuman Rights Opportunities, 15 Conn. App. 569, 585, cert. denied,209 Conn. 813 (1988).
In the present case, the Commissioner is attempting to submit directly into the record a one page internal memorandum from the U.S. Department of Health and Human Services regarding the definition of "emergency medical condition" without a remand to DSS. The Commissioner states that the evidence from the federal agency was not available before the close of the administrative hearing. CT Page 8987
The Commissioner's reliance upon General Statutes § 4-183(h) is misplaced; that statute pertains to additional evidence being taken before the agency, not additional evidence taken directly by the court. General Statutes § 4-183(i) pertains to evidence that the court may hear that is not in the record, but is limited to procedural irregularities and facts needed to establish aggrievement. Therefore, the Commissioner has not shown that an insufficient record or an extraordinary situation exists permitting the court to allow the submission of additional evidence directly into the record.
In sum, the Commissioner's motion to dismiss and her application for leave to present additional evidence are denied.
Robert A. Martin, Judge