THE UPJOHN COMPANY *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH HAVEN
(14425)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued September 29—decision released November 24, 1992

---

*S. Robert Jelley,* with whom were *William J. Doyle, Brian J. Doyle* and, on the brief, *Patrick J. Monahan,* for the appellant (plaintiff).

*Robert K. Ciulla,* with whom was *Charles R. Andres,* for the appellee (defendant).

BORDEN, J. The plaintiff, The Upjohn Company (Upjohn), appeals[1] from a judgment of the trial court dismissing Upjohn's zoning appeal from a decision of the defendant, the zoning board of appeals of the town of North Haven (board). Upjohn claims that the trial court improperly concluded that the record before the board supported a finding that Upjohn's storage of solid sludge waste on its property did not constitute an accessory use under the North Haven zoning regulations. We dismiss this appeal as moot because the judgment from which Upjohn appeals was subsequently opened by the trial court, which thereafter rendered judgment for Upjohn.[2]

The underlying facts are reported in some detail in the companion appeals; see *Upjohn Co.* v. *Planning &*

---

[1] Upjohn appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] The second judgment is the subject of a companion appeal and cross appeal. See *Upjohn Co.* v. *Zoning Board of Appeals,* 224 Conn. 96, 616 A.2d 793 (1992).

*Zoning Commission,* 224 Conn. 82, 616 A.2d 786 (1992); *Upjohn Co.* v. *Zoning Board of Appeals,* 224 Conn. 96, 616 A.2d 793 (1992); and need not be repeated here. Only certain additional facts are necessary to the disposition of this appeal.

In 1982, Upjohn filed three applications with the planning and zoning commission of the town of North Haven (commission) for permission to make certain improvements regarding two lagoons located on its property on Sackett Point Road in North Haven. By that time, Upjohn had accumulated on its property a sizable sludge pile of solid hazardous waste created by Upjohn's chemical manufacturing business. In early 1983, the commission granted the applications subject, however, to twenty-three conditions. Condition seven required that "a plan be submitted [by Upjohn] with a timetable for the elimination of future sludge production and removal of all existing sludge from the Upjohn site." Upjohn did not appeal from the imposition of that condition or contest it in any way.

In May, 1986, the North Haven zoning enforcement officer issued an order to Upjohn to cease and desist from storing on its property chemical sludge created by its manufacturing process and to remove all existing sludge by December 31, 1987. The stated basis of that order was Upjohn's failure to comply with condition seven. Upjohn appealed the order to the board, which denied Upjohn's appeal.

Upjohn appealed to the trial court from the board's action.[3] In its first memorandum of decision, dated

[3] The trial court also heard, at the same time, two other appeals by Upjohn from actions of North Haven zoning authorities: (1) an appeal from a decision of the planning and zoning commission, dated January 17, 1989, denying Upjohn's application for a permit to install certain waste water improvements on its property; and (2) an appeal from a decision of the zoning board of appeals that it lacked jurisdiction to hear Upjohn's appeal from the January 17, 1989 decision discussed immediately above. The trial court

February 21, 1991, the court ruled that: (1) condition seven was enforceable by way of the cease and desist order of the zoning enforcement officer, and the record was sufficient to support the board's determination that Upjohn had not complied with the condition; (2) the board acted properly in determining that Upjohn's sludge pile was neither a valid prior nonconforming use nor an accessory use incidental to Upjohn's permitted use of chemical manufacturing; (3) the board's conduct of the hearing was proper; and (4) the board's actions were not preempted by either the state or federal environmental regulatory schemes. Accordingly, the trial court rendered a judgment dismissing Upjohn's appeal. Thereafter, the Appellate Court granted Upjohn's petition for certification to appeal.

On May 24, 1991, however, the trial court, sua sponte, opened its judgment of dismissal and, by a corrected memorandum of decision dated May 23, 1991, rendered a new judgment sustaining Upjohn's appeal. In the corrected memorandum of decision, the trial court held that condition seven was void ab initio because it was beyond the commission's authority under General Statutes § 8-3 (g).[4] Consequently, the trial court reasoned, the board improperly upheld the cease and desist order because that order constituted an effort to enforce a void condition. The corrected memorandum of decision did not address any of the other issues that had been resolved in the trial court's first memorandum of decision. In response to a motion for articulation filed by Upjohn, the trial court stated: "By a memorandum of decision dated May 23, 1991, this

sustained the first appeal and, therefore, dismissed the second appeal as moot. Neither of these judgments of the trial court is before us on this appeal or the companion appeals.

[4] General Statutes (Rev. to 1981) § 8-3 (g) provides in relevant part: "A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations."

court corrected the legal analysis it had applied to the [captioned] administrative appeal, and *the reasoning set forth in the Corrected Memorandum of Decision supplies the entire ratio decidendi for* [the captioned case]." (Emphasis added.) Thus, the second memorandum of decision and the judgment rendered in accordance therewith completely displaced the first memorandum of decision and judgment.

Despite the fact that the judgment from which Upjohn filed this appeal had been opened and a new judgment favorable to Upjohn had been substituted in its place, Upjohn has maintained this appeal from the first, opened judgment. That judgment, however, is no longer in effect. Under these circumstances, this appeal is moot, because there is no action that we can take that can have any practical effect on the judgment under appeal. See *Ostroski* v. *Ostroski,* 135 Conn. 509, 66 A.2d 599 (1949); *Clover Farms, Inc.* v. *Kielwasser,* 134 Conn. 622, 59 A.2d 550 (1948); see also *O'Bymachow* v. *O'Bymachow,* 10 Conn. App. 76, 78, 521 A.2d 599 (1987).

The appeal is dismissed.

In this opinion the other justices concurred.