LESLIE SRAGER ET AL. *v.* KENNETH KOENIG
(14043)

DUPONT, C. J., and FOTI, LANDAU, SCHALLER and SPEAR, Js.

Considered November 9—decision released December 27, 1994

*Bernard Green,* in support of the motion.
*John Timbers,* in opposition to the motion.

SPEAR, J. The plaintiffs, Leslie Srager and Joan Srager, appeal from the order discharging a notice of lis pendens. The defendant asserts in his motion to dismiss that this court lacks subject matter jurisdiction over the appeal because it was filed after the expiration of the seven day appeal period specified by General Statutes § 52-325c (b).[1] We agree.

The plaintiffs brought a breach of contract action seeking damages and an injunction compelling the defendant to convey to them certain property located in Fairfield in accordance with an agreement between the parties. The plaintiffs recorded a notice of lis pendens in the Fairfield town clerk's office on September 16, 1993. Pursuant to General Statutes § 52-325a (c),[2] the defendant filed a motion in the trial court for a discharge of the notice of lis pendens on the ground that there was no probable cause to sustain the validity of the plaintiffs' claims. The trial court granted the defendant's motion and notice of the court's order was issued to the parties on September 14, 1994. The plaintiffs appealed from the order on September 27, 1994.

Our Supreme Court recently considered the effect of statutory appeal periods on an appellate court's subject matter jurisdiction in *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 628 A.2d 1303 (1993). The dispositive issue in *Ambroise* was whether an appeal from the denial of a prejudgment remedy may be taken after the expiration of the seven day appeal period specified by General Statutes § 52-278*l*. The

---

[1] General Statutes § 52-325c provides in relevant part: "(a) Any order entered as provided in subsection (b) of section 52-325b shall be deemed a final judgment for the purpose of appeal.

"(b) No appeal shall be taken from such order except within seven days thereof. . . ."

[2] General Statutes § 52-325a (c) provides in relevant part: "If the action for which notice of lis pendens was recorded, is pending before any court, the property owner may at any time . . . move that such notice of lis pendens be discharged of record."

court stated that "the proper analysis of a statutory time limitation on the right to appeal devolves into a question of statutory construction: did the legislature, in imposing the time limitation, intend to impose a subject matter jurisdictional requirement on the right to appeal?" Id., 764. The court reviewed the language, historical background and purpose of § 52-278*l* and concluded that the legislature did so intend. As the failure to take an appeal within the time constraints of the statute deprived the court of subject matter jurisdiction, dismissal was required.

Our review of General Statutes § 52-325c, informed by the *Ambroise* analysis, leads us to conclude that the failure to appeal within the specified time period deprives this court of subject matter jurisdiction.[3] The language of § 52-325c (b) is clear and is virtually the same as the language of § 52-278*l* (b), which the Supreme Court held to impose such a jurisdictional requirement. In *Ambroise*, the court also stated that "[t]he literal reading of § 52-278*l* (b) is buttressed, moreover, by reference to § 52-278*l* (c), which reverses the ordinary rules regarding automatic stays on appeal by mandating that the order is not stayed by an appeal unless the party appealing posts a sufficient surety bond." Id., 765–66. Likewise, a literal reading of the seven day appeal period in § 52-325c (b) is buttressed by the stay provisions set forth in that statute. Subsections (b) and (c) of § 52-325c[4] require the appellant to post a bond if a stay is granted beyond the seven day appeal period.

[3] It is axiomatic that parties cannot confer subject matter jurisdiction on this court by waiver, nor can this court confer such jurisdiction on itself. *Simms* v. *Warden*, 229 Conn. 178, 185, 640 A.2d 601 (1994).

[4] General Statutes § 52-325c provides in relevant part: "(b) No appeal shall be taken from such order except within seven days thereof. The effect of such order shall be automatically stayed for such seven-day period. If an appeal is taken within such seven-day period, the party taking such appeal may, within such period, file an application with the clerk of the court in

The purpose of a notice of lis pendens also supports a conclusion that the legislature intended to make the seven day appeal period jurisdictional. That purpose is to ensure "that the plaintiffs' claim cannot be defeated by a prejudgment transfer of the property." *Williams* v. *Bartlett*, 189 Conn. 471, 479, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983). The notice of lis pendens affects the defendant's right to transfer his interest in the real property in question because the notice binds any subsequent purchaser or encumbrancer as if he were made a party to the action described in the lis pendens. See General Statutes § 52-325 (a) as amended by Public Acts, Spec. Sess., October, 1993, No. 93-4, § 1; see also *Dunham* v. *Dunham*, 217 Conn. 24, 34, 584 A.2d 445 (1991).

The manifest purpose of the seven day appeal period following the discharge of a notice of lis pendens is to inform the parties within a very brief period of time whether that order is final or will be challenged. If no appeal is taken during the seven day period, the defendant property owner can transfer his interest in the property free of the notice of lis pendens. A conclusion

which such order was issued, requesting a stay of the effect of such order pending such appeal, which application shall set forth the reasons for such request. A copy of such application shall be sent to the adverse party by the applicant. Upon the filing of such application, the effect of such order shall be further stayed until a decision is rendered thereon. A hearing on such application shall be held promptly. Such order shall be stayed if the party taking such appeal posts a bond, as provided in subsection (c) of this section.

"(c) Upon the hearing on such application, the court shall: (1) Upon motion of the party taking the appeal set an amount of bond with surety for the stay of such order as provided in subsection (b) of this section, which amount shall be as the court deems sufficient to indemnify the adverse party for any damages which may result from the stay. If the party taking the appeal gives such bond the order shall be stayed; or (2) grant the stay; or (3) deny the stay; or (4) condition the granting of the stay upon the giving of such a bond."

that the seven day appeal period is lengthened beyond that period would undermine that legislative purpose.

In this case, the plaintiffs appealed from the discharge of the notice of lis pendens thirteen days after the notice of that order was issued.[5] The court lacks subject matter jurisdiction over this untimely appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[5] "The time limited by law for commencing appellate proceedings on the decision, order, decree, denial or ruling shall date from the time when such notice is issued by the clerk." General Statutes § 51-53 (b); see also Practice Book § 398.