BURKE CONSTRUCTION, INC. *v.*
DONN E. SMITH ET AL.
(14160)

Dupont, C. J., and Spear and Hennessy, Js.

Submitted on briefs February 13—officially released June 18, 1996

*Harvey J. Rothberg* filed a brief for the appellants (defendants).

*Theodore L. Freedman* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The defendants[1] appeal from the denial of their motion to discharge a mechanic's lien and lis pendens. The plaintiff asserts in his supplemental brief that this court lacks subject matter jurisdiction over the appeal because it was filed after the expiration of the seven day appeal period specified by General Statutes §§ 49-35c and 52-325c.[2] We agree and, therefore, dismiss the defendants' appeal.

The record contains procedural facts necessary for our conclusion. On July 20, 1994, the defendants filed a motion for discharge of a mechanic's lien and lis pendens. On October 6, 1994, the trial court denied that motion. On October 12, 1994, the defendants filed a "motion to reconsider and to clarify order denying defendants' motion to discharge mechanic's lien and lis pendens."[3] On November 2, 1994, the trial court rendered an order granting that motion, but denying the relief requested therein.[4] On November 8, 1994, the defendants filed this appeal from (1) the trial court's

[1] The defendants in this appeal are Donn E. Smith and Mary Ellen Quirk, joint owners of the property on which the work forming the basis of the lien was performed.

[2] We, sua sponte, raised the issue of subject matter jurisdiction and ordered the parties to file simultaneous supplemental briefs addressing the following issue: "Whether there is subject matter jurisdiction over the appeal where the statutory time period for filing the appeal prescribed by General Statutes §§ 49-35c (b) and 52-325c (b) had run by the time the appeal was taken, but where a motion to 'reconsider and to clarify order denying defendants' motion to discharge mechanic's lien and lis pendens' was filed before the appeal period had run." See General Statutes §§ 49-35c and 52-325c; Practice Book § 4009; Ambroise v. William Raveis Real Estate, Inc., 226 Conn. 757, 628 A.2d 1303 (1993); Housing Authority v. Bond, 30 Conn. Sup. 580, 311 A.2d 559 (1973).

[3] The trial court conducted a hearing on the defendants' "motion to reconsider and to clarify order denying defendants' motion to discharge mechanic's lien and lis pendens." The transcript of that hearing reveals that the defendants' motion was actually a motion to reargue. Therefore, we shall hereafter refer to this motion as a motion to reargue.

[4] The trial court rendered the following order on the defendants' motion to reargue: "The motion to reargue is granted, but the relief requested therein is denied. The court stands by its previous rulings."

order denying the defendants' motion for discharge of mechanic's lien and lis pendens, and (2) the trial court's order granting the defendants' motion to reargue, but denying the relief requested therein.

The statutes governing the timeliness of the defendants' appeal are §§ 49-35c[5] and 52-325c.[6] An examination

[5] General Statutes § 49-35c, which relates to mechanic's liens, provides: "Appeal. (a) Any order entered as provided in subsection (b) of section 49-35b shall be deemed a final judgment for purpose of appeal.

"(b) No appeal may be taken from the order except within seven days thereof. The effect of the order shall be automatically stayed for the seven-day period. If an appeal is taken within the seven-day period, the party taking the appeal may, within that period, file an application with the clerk of the court in which the order was issued, requesting a stay of the effect of the order pending the appeal, which application shall set forth the reasons for the request. A copy of the application shall be sent to each other party by the applicant. Upon the filing of the application, the effect of the order shall be further stayed until a decision is rendered thereon. A hearing on the application shall be held promptly. The order shall be stayed if the party taking the appeal posts a bond, as provided in subsection (c) of this section.

"(c) Upon the hearing on the application, the court shall: (1) Upon motion of the party taking the appeal, set a bond with surety for the stay of the order as provided in subsection (b) of this section, in an amount which the court deems sufficient to indemnify the adverse party for any damages which may result from the stay. If the party taking the appeal gives that bond the order shall be stayed; or (2) grant the stay; or (3) deny the stay; or (4) condition the granting of the stay upon the giving of such a bond.

"(d) Any order of discharge or reduction or any order of any such stay shall take effect upon recording of a certified copy thereof in the office of the town clerk in which such lien was originally recorded. The clerk of the court in which any such order is issued shall not deliver any certified copies thereof until the time for taking an appeal has elapsed or, if an appeal is taken and an application for a stay of the order is filed, until such time as a decision granting or denying the stay has been rendered."

[6] General Statutes § 52-325c, which relates to lis pendens, provides in pertinent part: "Appeal. (a) Any order entered as provided in subsection (b) of section 52-325b shall be deemed a final judgment for purpose of appeal.

"(b) No appeal shall be taken from such order except within seven days thereof. The effect of such order shall be automatically stayed for such seven-day period. If an appeal is taken within such seven-day period, the party taking such appeal may, within such period, file an application with the clerk of the court in which such order was issued, requesting a stay of the effect of such order pending such appeal, which application shall set forth the reasons for such request. A copy of such application shall be sent

of these two statutes reveals that their language, from subsection (a) through subsection (c), is virtually identical. Pursuant to subsection (a), orders on motions to discharge or reduce mechanic's liens are deemed to be final judgments for the purpose of appeal. Subsection (b) provides that no appeal shall be taken from such order except within seven days thereof. Subsection (c) authorizes the court to set a bond with surety in order to stay the order.

Our Supreme Court considered the effect of statutory appeal periods on an appellate court's subject matter jurisdiction in *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 628 A.2d 1303 (1993). The dispositive issue in *Ambroise* was whether an appeal from the denial of a prejudgment remedy may be taken after the expiration of the seven day appeal period specified by General Statutes § 52-278*l*. The court concluded that "the proper analysis of a statutory time limitation on the right to appeal devolves into a question of statutory construction: did the legislature, in imposing the time

---

to the adverse party by the applicant. Upon the filing of such application, the effect of such order shall be further stayed until a decision is rendered thereon. A hearing on such application shall be held promptly. Such order shall be stayed if the party taking such appeal posts a bond, as provided in subsection (c) of this section.

"(c) Upon the hearing on such application, the court shall: (1) Upon motion of the party taking the appeal set an amount of bond with surety for the stay of such order as provided in subsection (b) of this section, which amount shall be as the court deems sufficient to indemnify the adverse party for any damages which may result from the stay. If the party taking the appeal gives such bond the order shall be stayed; or (2) grant the stay; or (3) deny the stay; or (4) condition the granting of the stay upon the giving of such a bond.

"(d) Any order of discharge or any order of any stay shall take effect upon recording of a certified copy thereof in the office of the town clerk in which such notice of lis pendens was recorded. The clerk of the court in which any such order is issued shall not deliver any certified copies thereof until the time for taking an appeal has elapsed or, if an appeal is taken and an application for a stay of such order is filed, until such time as a decision granting or denying such stay has been rendered. . . ."

limitation, intend to impose a subject matter jurisdictional requirement on the right to appeal?" Id., 764. The court reviewed the language, historical background and purpose of § 52-278*l* and concluded that the legislature did so intend. Id., 765–67. Because the appeal was not taken within the time allowed by statute, the court dismissed the appeal for lack of subject matter jurisdiction. Id., 767.

Informed by the *Ambroise* analysis, this court has previously concluded that the seven day appeal period embodied in § 52-325c is mandatory and that a failure to appeal within that appeal period deprives this court of subject matter jurisdiction. *Srager* v. *Koenig*, 36 Conn. App. 469, 651 A.2d 752 (1994). "The purpose of a notice of lis pendens . . . supports a conclusion that the legislature intended to make the seven day appeal period jurisdictional. That purpose is to ensure 'that the plaintiffs' claim cannot be defeated by a prejudgment transfer of the property.' *Williams* v. *Bartlett*, 189 Conn. 471, 479, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983). . . . The manifest purpose of the seven day appeal period following the discharge of a notice of lis pendens is to inform the parties within a very brief period of time whether that order is final or will be challenged." (Citations omitted; internal quotation marks omitted.) *Srager* v. *Koenig*, supra, 472.

"In *Ambroise*, the court also stated that [t]he literal reading of § 52-278*l* (b) is buttressed, moreover, by reference to § 52-278*l* (c), which reverses the ordinary rules regarding automatic stays on appeal by mandating that the order is not stayed by an appeal unless the party appealing posts a sufficient surety bond. . . . Likewise, a literal reading of the seven day appeal period in § 52-325c (b) is buttressed by the stay provisions set forth in that statute. Subsections (b) and (c) of § 52-325c require the appellant to post a bond if a

stay is granted beyond the seven day appeal period."
(Citation omitted; internal quotation marks omitted.)
Id., 471, quoting *Ambroise* v. *William Raveis Real
Estate, Inc.*, supra, 226 Conn. 765–66.

Because the language that establishes the seven day
appeal period in § 49-35c (b) is clear and virtually the
same as the language of § 52-325c (b), we conclude that
its seven day appeal period is also mandatory and that
a failure to appeal within that period likewise strips
this court of subject matter jurisdiction. Our literal read-
ing of the seven day appeal period set forth in § 49-35c
(b) is also buttressed by reference to the stay provisions
set forth in that statute because subsections (b) and
(c) of § 49-35c likewise require the appellant to post a
bond if a stay is granted beyond the seven day period.
Furthermore, the plain language of § 49-35c (a) and (b)
manifests the legislative intent that the seven day limit
apply to orders entered pursuant to General Statutes
§ 49-35b.[7] See *New England Savings Bank* v. *Meadow
Lakes Realty Co.*, 235 Conn. 663, 668, 668 A.2d 712
(1996).

In the present case, the defendants did not file an
appeal within seven days of the October 6, 1994 order

---

[7] General Statutes § 49-35b provides: "Burden of proof at hearing. Author-
ity of court. (a) Upon the hearing held on the application or motion set
forth in section 49-35a, the lienor shall first be required to establish that
there is probable cause to sustain the validity of his lien. Any person entitled
to notice under section 49-35a may appear, be heard and prove by clear
and convincing evidence that the validity of the lien should not be sustained
or the amount of the lien claimed is excessive and should be reduced.

"(b) Upon consideration of the facts before it, the court or judge may:
(1) Deny the application or motion if probable cause to sustain the validity
of the lien is established; or (2) order the lien discharged if (A) probable
cause to sustain its validity is not established, or (B) by clear and convincing
evidence its invalidity is established; or (3) reduce the amount of the lien
if the amount is found to be excessive by clear and convincing evidence;
or (4) order the lien discharged or reduce the amount of the lien conditioned
upon the posting of a bond, with surety, in a sum deemed sufficient by the
judge to indemnify the lienor for any damage which may occur by the
discharge or the reduction of amount."

denying their motion for discharge of a mechanic's lien and lis pendens. The defendants argue, however, that as a result of the trial court's granting of their motion to reargue,[8] the order of October 6, 1994, was nullified. The defendants contend, therefore, that the November 2, 1994 order granting the motion to reargue, but denying the relief requested therein, reinstated the October 6, 1994 order and that the seven day appeal period commences November 2, 1994. We disagree.

Pursuant to Practice Book § 4009,[9] if a party files a motion that would render the judgment or decision ineffective, then the period of time for filing an appeal shall commence from the issuance of notice of the decision or judgment on that motion. Practice Book § 4009, however, does not confer jurisdiction on the appellate courts of this state. *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 761. The jurisdiction of appellate courts is defined by statute. Id., 760–61. Because it is the statute that controls jurisdiction, which cannot be waived; see *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993); we conclude that compliance with the clear and emphatic language of §§ 49-35c (b) and 52-325c (b) is a requisite for us to entertain this appeal. The defendants' failure

---

[8] A motion to reargue or reconsider is proper even if no provision for reargument is provided in the rules of practice. *Steele* v. *Stonington*, 225 Conn. 217, 219 n.4, 622 A.2d 551 (1993); see also 1 Connecticut Practice, W. Moller & W. Horton, Practice Book Annotated (Sup. 1996) § 196, comment.

[9] Practice Book § 4009 provides in relevant part: "Time to Appeal

"The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed. . . ."

to take an appeal within seven days of the October 6, 1994 order deprives this court of subject matter jurisdiction.

The defendants argue that because they filed this appeal within seven days of the November 2, 1994 order granting their motion to reargue, but denying the relief requested therein, this court has subject matter jurisdiction over the appeal, even if Practice Book § 4009 does not govern. This argument, however, must fail because the original order of October 6, 1994, was not nullified by the trial court's subsequent denial of relief requested in the defendants' motion to reargue. The original order was not augmented, diminished, altered or vitiated in any way and remained as the appealable event.

Our Supreme Court's decision in *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 106, 616 A.2d 798 (1992),[10] supports our reasoning in reaching this conclusion. In that case, the plaintiff appealed from a judgment of the trial court dismissing its zoning appeal from a decision of the defendant zoning board of appeals. The trial court initially rendered a judgment, accompanied by a memorandum of decision, dismissing the plaintiff's appeal. Id., 109. Thereafter, we granted the plaintiff's petition for certification to appeal, and the Supreme Court transferred the case to its docket. The trial court subsequently opened its judgment of dismissal sua sponte and, by a corrected memorandum of decision, rendered a new judgment sustaining the plaintiff's appeal. Despite the fact that the judgment from which the plaintiff filed its appeal had been opened and a new judgment favorable to the plaintiff had been substituted in its place, the plaintiff did not withdraw its appeal from the first opened judgment. Id., 110. In deciding

---

[10] There are two companion appeals that do not dilute our conclusion. See *Upjohn Co.* v. *Planning & Zoning Commission*, 224 Conn. 82, 616 A.2d 786 (1992), and *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 616 A.2d 793 (1992).

that appeal, our Supreme Court concluded that the first opened judgment was moot because the second memorandum of decision and the judgment rendered in accordance therewith, completely displaced the first memorandum of decision and judgment and, therefore, dismissed that appeal. Id.

In the present case, the situation is reversed; the trial court's order granting the defendants' motion to reargue, but denying the relief requested therein, did nothing to displace the trial court's original October 6, 1994 order. There is nothing in the record here that supports the defendants' assertion that the trial court nullified its original order.

Furthermore, the defendants' claims on appeal all relate to the merits of the underlying order of October 6, 1994, rather than to whether the trial court abused its discretion in denying the relief sought by the defendants in the motion to reargue. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 672, 652 A.2d 1063 (1995). The time for complaining about the merits had expired by legislative fiat. If the legislature had wanted to grant appellate jurisdiction beyond seven days from the date of a denial of a motion to discharge a mechanic's lien or a lis pendens, it would have provided a legislative extension such as that provided by Practice Book § 4009.

The defendants' remaining assertion that the plaintiff waived any claim it may have regarding subject matter jurisdiction is equally unavailing because "[s]ubject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." *Castro* v. *Viera*, 207 Conn. 420, 429–30, 541 A.2d 1216 (1988).

The appeal is dismissed.

In this opinion the other judges concurred.