[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT DALENE HARDWOOD FLOORING COMPANYINC.'S MOTION FOR SUMMARY JUDGMENT (NO. 208)
A. FACTS:
RJB Contracting, Inc. (RJB), filed a complaint on March 24, 1995, seeking to foreclose mechanic's liens on two adjoining parcels, one owned by Hi-G Company, Inc. (Hi-G), the other by Dalene Hardwood Flooring Company, Inc. (Dalene). The complaint also named twenty-two other defendants, all of whom may claim some interest in the subject property. Several of these defendants have filed cross-complaints against Hi-G and Dalene seeking to foreclose their liens. Dalene subsequently moved to discharge the liens filed by RJB and the appearing defendants pursuant to General Statutes § 49-35a.[1] On July 31, 1995, Judge Stengel granted Dalene's motion to discharge the liens on the basis that Dalene had not consented to be responsible for the construction done at the request of Hi-G. RJB Contracting, Inc. v.Hi-G Company, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 466682 (July 31, 1995, Stengel, J.) RJB and three of the cross-complainants, Colonial Air-Conditioning Company (Colonial), Kennedy Electrical Contractors, Inc. (Kennedy), and Ronnie Demeo Construction, Inc. (Demeo), filed an appeal of this decision on August 7, 1995, within the seven-day appeal period provided for in General Statutes § 49-35c, but did not request a stay of the discharge order. The appeal is currently pending. (Plaintiff's Brief, p. 1.)
Dalene filed an amended answer on Nov. 1, 1995, asserting as a special defense that the lien on its property has been discharged. Dalene then brought this motion for summary judgment on the complaint and cross-complaints as to its parcel, accompanied by a memorandum in support and a certified copy of the order discharging the lien. The plaintiff and the three cross-complainants filed appropriate supporting memoranda in opposition.
B. DISCUSSION:
"Practice Book § 384 provides that summary judgment shall CT Page 8935 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,___ A.2d ___ (1996).
Dalene claims that there can be no issue of fact concerning the validity of the mechanic's lien because its discharge was effective as soon as it was recorded in the South Windsor Land Records. Dalene argues that if the lien is invalid, no foreclosure is possible, and it is entitled to judgment as a matter of law. Dalene argues further that the pending appeal, by itself, has no effect on the discharge order because the plaintiff did not apply for a stay of the order pursuant to General Statutes § 49-35c.
RJB and the appealing cross-complainants argue that the procedures for requesting a stay under § 49-35c are not mandatory, and that by appealing Judge Stengel's order they have preserved the issue of the lien's validity. The dispositive issue, then, is whether the procedures for requesting a stay of the order during the pendency of an appeal are mandatory or optional.
"A mechanic's lien is a creature of statute." St. Catherine'sChurch Corp. v. Technical Planning Associates, Inc., 9 Conn. App. 682,683, 520 A.2d 1298 (1987). General Statutes § 49-35c
sets out the requirements for appealing from an order of discharge and provides for a stay pending the appeal if the appealing party requests it. Subsection (b) requires that an appeal to a discharge order be made within seven days, and during this seven-day period, the order is automatically stayed. The plaintiff focuses on the language of the next part of this subsection, which says that the party taking the appeal "may" file an application requesting a stay pending the appeal and setting forth the reasons for the request. If a party files an CT Page 8936 application, the order is stayed until a hearing on the application is held. If the party taking the appeal posts a bond "as provided in subsection (c)," the order is stayed.
Subsection (c) provides that the party may move the court to set a bond, and that if the party posts the bond, the order shall be stayed. If the party does not move the court to set a bond, the court may, after hearing the application, either grant it, deny it, or condition it on the posting of a bond. In other words, the party may post a bond and the stay is granted automatically, but if the party does not post a bond, the court has discretion to grant it if other reasons exist to support the granting of the stay, but may require that the party post a bond to protect the adverse party. It is clear that a stay does not occur simply by virtue of the appeal. Otherwise, the procedures set forth in § 49-35c (b) and (c) would be rendered meaningless.
This interpretation of subsection (c) is bolstered by the analysis undertaken by the Appellate Court in Burke ConstructionInc. v. Smith, 41 Conn. App. 737, ___ A.2d ___ (1996). In that case, the defendants were appealing a denial of their motion to discharge a mechanic's lien and lis pendens. The plaintiff claimed that the Appellate Court lacked jurisdiction over the appeal because it was filed after the seven day appeal period contained in General Statutes §§ 49-35c and 52-325c. The court concluded that the seven day appeal period established in each statute was mandatory and the failure to appeal within that time period stripped the court of subject matter jurisdiction.
The court cited Ambroise v. William Raveis Real Estate, Inc.,226 Conn. 757, 628 A.2d 1303 (1993), in which "[o]ur Supreme Court considered the effect of statutory appeal periods on an appellate court's subject matter jurisdiction." BurkeConstruction Inc. v. Smith, supra, 41 Conn. App. 740. InAmbroise, the Supreme Court dismissed an appeal from the denial of a prejudgment remedy because the appeal had not been taken within the time allowed by General Statutes § 52-278l. Id. "In Ambroise, the court also stated that [t]he literal reading of § 52-278l (b) is buttressed, moreover, by reference to §52-278l (c), which reverses the ordinary rules regarding automatic stays on appeal by mandating that the order is not stayed by an appeal unless the party appealing posts a sufficient surety bond." (Internal quotation marks omitted.) Id., 741. CT Page 8937
In Burke, the court similarly interpreted the statutes at issue in that case, emphasizing, in pertinent part, that "[o]ur literal reading of the seven day appeal period set forth in §49-35c(b) is also buttressed by reference to the stay provisions set forth in that statute because subsections(b) and (c) of §49-35c likewise require the appellant to post a bond if a stay isgranted beyond the seven day period." (Emphasis provided.) Id., 742.
Subsection (d) provides that "[a]ny order of discharge . . . shall take effect upon recording of a certified copy thereof in the office of the town clerk in which such lien was originally recorded. The clerk of the court in which any such order is issued shall not deliver any certified copies thereof until the time for taking an appeal has elapsed or, if an appeal is taken and an application for a stay of the order is filed, until such time as a decision granting or denying the stay has been rendered." Dalene received from the clerk of the court a certified copy of the discharge order, which it then recorded in the South Windsor Land Records. (Defendant's Brief, Exhibit A.) Pursuant to the statute, this rendered the order of discharge effective.
The plaintiff filed a timely appeal, but cannot avoid the statutory requirement of requesting a stay, with the possibility of having to post a bond, simply by claiming that the appeal reasserted the question of the lien's validity. The order is effective and the lien is discharged.
C. CONCLUSION:
For the reasons herein stated it is concluded that because RJB did not follow the statutory requirements of requesting a stay when it filed the appeal, the order became effective when it was recorded and, accordingly, Dalene's motion for summary judgment ought to be and is hereby granted.
It is so ordered,
SALVATORE F. ARENA, J.