[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 11, 1997
This case went to judgment on March 4, 1997 after a contested trial. The plaintiff has appealed from the judgment; at the same time he seeks to have discharged lis pendens filed on the Waterbury land records at the commencement of the action and affecting two pieces of real property owned by him. Neither of those pieces were the subject of orders entered in connection with the dissolution, as those orders were affected by post-judgment orders entered in response to the plaintiffs motion to reargue. The defendant objects to discharge of the lis pendens prior to the decision of the plaintiff's appeal.
Although I am not aware of the specific grounds of the appeal, certainly it challenges the financial orders entered in connection with the dissolution. "Because the financial orders in an action for dissolution of marriage are of necessity interwoven and because the rendering of a judgment in an action for the dissolution of marriage is `a carefully crafted mosaic'; Ehrenkranz v. Ehrenkranz,2 Conn. App. 416, 424 (1984), "it is well-established that a finding of error in even one of the court's orders can lead to a new trial on all financial matters. See, e.g.,Michel v. Michel, 31 Conn. App. 338, 341 (1993). Therefore, should the orders entered herein be reversed on appeal, the issue of what is fair and equitable, given the statutory factors and the evidence on retrial, would be revisited by the trial court, including whether the defendant is entitled to any share in either or both of the properties affected by the lis pendens.
The plaintiff points out that the Appellate Court has recently reaffirmed that the purpose of a lis pendens is to ensure that a claim cannot be defeated by a prejudgment transfer of property. Srager v. Koenig,36 Conn. App. 469, 472 (1994). In the unique context of a dissolution appeal, which can open for reconsideration all of the issues and claims for financial relief made by the parties prior to judgment, that purpose is served by retaining lis pendens on all properties that could be the subject of orders upon a retrial of the matter.
This use of a lis pendens to preserve the court's ability equitably to dispose of the parties' claims and property if the matter must be tried again seems CT Page 12455 especially appropriate in view of the fact that the lis pendens, itself, has its origins in equity jurisprudence.Norton v. Birge, 35 Conn. App. 250 (1868).
Therefore, the plaintiff's motion to discharge the lis pendens is denied without prejudice to its being renewed if the plaintiff seeks to sell or encumber either or both of the properties, so that the court can consider other methods (such as escrowing the proceeds of sale) that would preserve the defendant's interest in having the property available for consideration by a court upon a retrial of this matter.
SHORTALL, J.