******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JOSEPH FARYNIARZ *v.* JOSE E. RAMIREZ ET AL.
## (AC 47509)

Moll, Clark and Seeley, Js.

*Syllabus*

The plaintiff judgment creditor appealed from the trial court's judgment granting the defendant judgment debtor's motion to exempt from execution certain accounts at a financial institution containing retirement funds. The plaintiff claimed, inter alia, that the court erred in crediting as prima facie evidence a form containing false information that had been executed by the defendant. *Held*:

This court dismissed the plaintiff's appeal for lack of subject matter jurisdiction, the plaintiff having failed to file his appeal within the seven day appeal period set forth in the statute (§ 52-367b (i)) governing orders determining issues raised by a claim of exemption with respect to accounts held by financial institutions.

Argued May 21—officially released July 29, 2025

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford and tried to the court, *Stevens, J.*; judgment for the plaintiff; thereafter, the court, *J. Welch, J.*, granted the named defendant's motion for exemption from execution, and the plaintiff appealed to this court. *Appeal dismissed.*

*Robert J. Sullivan, Jr.*, with whom, on the brief, was *Edward T. Murnane, Jr.*, for the appellant (plaintiff).

*Jonathan J. Klein*, for the appellee (named defendant).

*Opinion*

MOLL, J. The plaintiff, Joseph Faryniarz, appeals from the judgment of the trial court granting the application for exemption from execution filed by the defendant Jose E. Ramirez[1] pursuant to General Statutes

---

[1] In the present action, the plaintiff originally named as defendants Jose E. Ramirez, JR Chem, LLC, and JR Chemical, Inc. Only Ramirez, however, is participating in this appeal. In the interest of simplicity, therefore, we refer solely to Ramirez as the defendant.

§§ 52-321a[2] and 52-352b (13).[3] On appeal, the plaintiff claims that the court erred (1) as a legal matter, in interpreting General Statutes § 52-367b (f) (1)[4] as creating a presumption, shifting to a judgment creditor (i.e., the plaintiff) the burden of disproving a judgment debtor's (i.e., the defendant's) claim that accounts at a financial institution consist of exempt retirement funds and (2) as a factual matter, in connection with the judgment

[2] General Statutes § 52-321a provides in relevant part: "(a) (1) . . . [A]ny interest in or amounts payable to a participant or beneficiary from the following shall be exempt from the claims of all creditors of such participant or beneficiary: (A) Any trust, custodial account, annuity or insurance contract established as part of a Keogh plan or a retirement plan established by a corporation which is qualified under Section 401, 403, 404 or 409 of the Internal Revenue Code of 1986, or any subsequent corresponding internal revenue code of the United States, as from time to time amended; (B) any individual retirement account which is qualified under Section 408 of said internal revenue code to the extent funded, including income and appreciation, (i) as a roll-over from a qualified retirement plan, as provided in subparagraph (A) of this subdivision, pursuant to Section 402 (a) (5), 403 (a) or 408 (d) (3) of said internal revenue code, or (ii) by annual contributions which do not exceed the maximum annual limits set forth in Section 219 (b) of said internal revenue code, determined without regard to any reduction or limitation for active participants required by Section 219 (g) of said internal revenue code; (C) (i) any simple retirement account established and funded pursuant to Section 408 (p) of said internal revenue code, (ii) any simple plan established and funded pursuant to Section 401 (k) (11) of said internal revenue code, [or] (iii) any Roth IRA established and funded pursuant to Section 408A of said internal revenue code . . . ."

[3] General Statutes § 52-352b (13) provides that "[a]ny assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a" are exempt from any form of process or court order for the purpose of debt collection.

[4] General Statutes § 52-367b (f) (1) provides: "Upon receipt of an exemption claim form or a secured party claim notice, the clerk of the court shall enter the appearance of the judgment debtor or such secured party with the address set forth in the exemption claim form or secured party claim notice. The clerk shall forthwith send file-stamped copies of the exemption claim form or secured party claim notice to the judgment creditor and judgment debtor with a notice stating that the disputed funds are being held for forty-five days from the date the exemption claim form or secured party claim notice was received by the financial institution or until a court order is entered regarding the disposition of the funds, whichever occurs earlier, and the clerk shall promptly schedule the matter for a hearing. The claim of exemption filed by such judgment debtor shall be prima facie evidence at such hearing of the existence of the exemption."

debtor's claim that certain accounts contained exempt retirement funds, in crediting as prima facie evidence a form containing false information that had been executed by the defendant. We do not reach the merits of the plaintiff's claims, however, because this appeal was not filed within the seven day appeal period provided by § 52-367b (i),[5] and, accordingly, we dismiss this appeal for lack of subject matter jurisdiction.

The following procedural history is relevant to our resolution of this appeal. On October 28, 2016, the plaintiff commenced the underlying action against the defendant. In his complaint, the plaintiff asserted claims for, inter alia, breach of contract, conversion, unjust enrichment, fraud, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On March 1, 2017, the defendant filed the operative answer and special defenses, to which the plaintiff filed a reply on March 31, 2017.

The court, *Stevens*, *J.*, bifurcated the liability and damages phases of the trial. On May 15 and 16, 2018, the court heard evidence as to liability. The court admitted into evidence several exhibits in full and heard testimony from several witnesses. With respect to liability, the court issued a memorandum of decision on February 25, 2019, wherein it found in favor of the plaintiff on his breach of contract (relating to a royalty and licensing payments contract), fraudulent representation, and CUTPA claims. On December 24, 2019, following additional evidence on the issue of damages,

[5] General Statutes § 52-367b (i) provides that, following a hearing on a claim of exemption, "[t]he court . . . shall enter an order determining the issues raised by the claim of exemption and claim by a secured party of a prior perfected security interest in such deposit account. The clerk of the court shall forthwith send a copy of such order to the financial institution. Such order shall be deemed to be a final judgment for the purposes of appeal. No appeal shall be taken except within seven days of the rendering of the order. The order of the court may be implemented during such seven-day period, unless stayed by the court."

the court issued a memorandum of decision awarding $908,224 in damages to the plaintiff.

On June 9, 2022, the defendant filed a claim for exemption from execution, pursuant to §§ 52-321a and 52-352b (13), with respect to two of his accounts that were held by Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch).[6] The two accounts at issue ended in 2336 and 9L40. On August 10, 2022, the plaintiff filed an objection to the defendant's claim of exemption. On September 21, 2023, and January 30, 2024, the court, *J. Welch, J.*, heard argument from the parties' respective counsel and conducted an evidentiary hearing to determine whether the accounts held by Merrill Lynch were retirement accounts that were exempt from execution. Thereafter, the plaintiff and the defendant filed supplemental briefs.

On March 8, 2024, the court rendered its order granting the defendant's claim of exemption. Specifically, the court held "(1) that the restricted accounts with account numbers ending in 2336 [and] 9L40 are exempt accounts pursuant to §§ 52-352b (13) and 52-321a; (2) that the funds in those accounts are exempt funds; and (3) that there is insufficient evidence to rebut the prima facie evidence that the claimed exemption exists that is afforded by [the aforementioned] statutes."

On April 1, 2024, the plaintiff filed this appeal. On May 7, 2025, prior to oral argument, we ordered, sua sponte, the parties "to file supplemental memoranda of no more than 1500 words on or before May 19, 2025, addressing whether the plaintiff's appeal from the trial

---

[6] The defendant also indicated on the exemption claim form that certain accounts held by Merrill Lynch were exempt from execution pursuant to § 52-352b (7), which provides that "[w]orkers' compensation, Social Security, veterans and unemployment benefits" are exempt from any form of process or court order for the purpose of debt collection. The defendant subsequently withdrew his claim under § 52-352b (7).

court's granting of the defendant's exemption from execution should be dismissed for lack of subject matter jurisdiction because the appeal was not filed within the seven day appeal period set forth in . . . § 52-367b (i). See, e.g., *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 767, [628 A.2d 1303] (1993) (seven day time limit to appeal set forth in General Statutes § 52-278*l* is jurisdictional)."

On May 19, 2025, both parties submitted supplemental briefs in accordance with our order. In the plaintiff's supplemental brief, he argues that this court does not lack subject matter jurisdiction because (1) the seven day appeal period set forth in § 52-367b does not apply to the present case, and (2) even if it were to apply, the present case is distinguishable from *Ambroise* because, contrary to § 52-278*l*, § 52-367b does not clearly manifest an intent to make the stated time constraint mandatory and not waivable.[7] In his supplemental brief, the defendant relies on *Ambroise* in arguing that this court lacks subject matter jurisdiction because the language of § 52-367b (i) is "clear and emphatic," and, therefore, the time limit therein was likewise intended to be subject matter jurisdictional.

As a threshold matter, we observe that the appeal period set forth in § 52-367b (i) applies in the present case. Section 52-367b (i) provides: "The court, after a hearing conducted pursuant to subsection (f) of this section, shall enter an order determining the issues raised by the claim of exemption and claim by a secured party of a prior perfected security interest in such deposit account. The clerk of the court shall forthwith send a copy of such order to the financial institution.

---

[7] The plaintiff also contends that the seven day appeal period set forth in § 52-367b violates his right to due process under the Connecticut constitution and the United States constitution. We decline to address this claim, however, as it is inadequately briefed. See *Spinnato* v. *Boyd*, 231 Conn. App. 460, 480–81, 333 A.3d 818 (2025).

Such order shall be deemed to be a final judgment for the purposes of appeal. No appeal shall be taken except within seven days of the rendering of the order. The order of the court may be implemented during such seven-day period, unless stayed by the court.'' The plaintiff makes no meaningful attempt to explain why this statutory provision does not apply, and his cursory suggestion that it does not apply warrants no discussion.

The crux of the issue before us is whether the appeal period set forth in § 52-367b (i) is subject matter jurisdictional. Our analysis is largely guided by *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 757, in which our Supreme Court held that certain statutory time limits on the right to appeal are subject matter jurisdictional. Id., 767. *Ambroise* concerned § 52-278*l*, which provides in relevant part that ''[a]n order . . . granting or denying a prejudgment remedy following a hearing . . . shall be deemed a final judgment for purposes of appeal. . . . No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken. . . .'' See *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 758. The court in *Ambroise* stated that ''the proper analysis of a statutory time limitation on the right to appeal devolves into a question of statutory construction: did the legislature, in imposing the time limitation, intend to impose a subject matter jurisdictional requirement on the right to appeal? We approach this question according to well established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation

and common law principles governing the same general subject matter. . . .

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . Furthermore, taking into account the established principle that every presumption is to be indulged in favor of jurisdiction . . . we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar." (Citations omitted; internal quotation marks omitted.) Id., 764–65.

The court ultimately held that "[t]he failure to take an appeal within the time constraints of § 52-278*l* results in an absence of subject matter jurisdiction that cannot be waived by the parties or by the court" and, accordingly, dismissed the subject appeal. Id., 767. In coming to this conclusion, the court emphasized, inter alia, that the language of § 52-278*l* is "clear and emphatic" and "contains a statutory time period for taking an appeal with regard to a statutory remedy that has no common law counterpart." Id., 765–66. The court also noted that "the manifest purpose of § 52-278*l* (b) is to permit the parties to know within a very brief period of time whether the order is final or is going to be challenged on appeal," and "[a] holding that the time period is discretionary and therefore can be waived would undermine that legislative purpose." Id., 767.

Relying on *Ambroise*, this court previously has determined that other statutes employing language similar to § 52-278*l* also impose jurisdictional time constraints on an appeal. See, e.g., *Burke Construction, Inc.* v. *Smith*, 41 Conn. App. 737, 742, 677 A.2d 15 (1996) (holding that seven day appeal period in General Statutes

§ 49-35c (b)[8] is mandatory and failure to appeal within that period strips this court of subject matter jurisdiction); *Srager* v. *Koenig*, 36 Conn. App. 469, 471, 651 A.2d 752 (1994) (holding that failure to appeal within seven day appeal period set forth in General Statutes § 52-325c (b)[9] deprives this court of subject matter jurisdiction because, inter alia, "[t]he language of § 52-325c (b) is clear and is virtually the same as the language of § 52-278*l* (b), which the Supreme Court held to impose such a jurisdictional requirement").

In the present case, § 52-367b (i) has virtually the same language as the statutes at issue in *Ambroise*, *Burke Construction*, *Inc.*, and *Srager*. See footnotes 5, 8 and 9 of this opinion. Moreover, the seven day appeal period set forth in § 52-367b (i) is written in "clear and emphatic" terms and governs an appeal with regard to a statutory remedy that has no common-law counterpart. See *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 765. We also note that, as was the case in *Ambroise*, a holding in the present case that the time period is discretionary and therefore can be waived would undermine the legislative purpose that is apparent from the legislature's inclusion of a very brief appeal period in § 52-367b (i). See id., 767. Thus, the legislature, in imposing the time limitation set forth in § 52-367b (i), manifested an intent to impose a subject matter jurisdictional requirement on the right to appeal.

We conclude that, pursuant to § 52-367b (i), the plaintiff had seven days from the rendering of the court's March 8, 2024 order to appeal to this court and, therefore, the plaintiff's appeal on April 1, 2024, was not

---

[8] General Statutes § 49-35c (b) pertains to orders on applications to reduce or discharge mechanic's liens and provides in relevant part: "No appeal may be taken from the order except within seven days thereof. . . ."

[9] General Statutes § 52-325c (b) pertains to orders on applications to discharge notices of lis pendens and provides in relevant part: "No appeal shall be taken from such order except within seven days thereof. . . ."

timely filed. Accordingly, we lack subject matter juris-
diction over the appeal.

The appeal is dismissed.

In this opinion the other judges concurred.